NATIONAL HOLLOW BRAKE BEAM CO. v. CHICAGO RY. EQUIPMENT CO.

(Circuit Court of Appeals, Seventh Circuit. January 19, 1909.)

No. 1,506.

COURTS (§ 280*)—FEDERAL COURTS—DETERMINATION OF QUESTIONS OF JURISDICTION.

Although a bill by a stockholder in a federal court against the corporation and another corporation of the same state alleged facts which, if true, gave the court jurisdiction on the ground of diversity of citizenship, where the bill was not verified, and such allegations were promptly denied by the first corporation, which denied that complainant was a bona fide stockholder, and alleged that the suit was brought collusively in the interest of its codefendent to enable the latter to litigate matters between the two corporations in the federal court, which allegations found support in the averment in the bill of facts not germane to the cause of action stated, the joinder of unnecessary parties, and the filing of a cross-bill by the other corporation against the first defendant, a jurisdictional issue was presented, which the court was required to determine before granting an injunction on the cross-bill restraining further proceedings in a pending suit in a state court.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 280.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from the Circuit Court of the United States for the Northern District of Illinois:

This appeal is from an interlocutory injunction granted by the Circuit Court, in a suit pending therein, under (1) a bill filed by Henry Graham Brown, as complainant, against the appellant, National Hollow Brake Beam Company, and other defendants, including the appellee, Chicago Railway Equipment Company, and (2) a cross-bill thereunder, filed by the appellee. The injunction was allowed on application of the appellee and reads as follows:

"[Title of Causes.]   This cause having come on to be heard on the motion of the cross-complainant, the Chicago Railway Equipment Company, for an interlocutory injunction, and having been heard upon said motion, and upon the pleadings herein, and upon the affidavits filed on behalf of the cross-complainant, as well as the affidavits filed on behalf of the defendant, the National Hollow Brake Beam Company, prior to the first day of April, 1908, and counsel for the respective parties having been heard, and all having been duly considered by the court; and it appearing to the court that the status quo of the affairs of the National Hollow Brake Beam Company should be preserved to the extent and in the manner hereinafter ordered, until the further order of the court in this cause: Now, therefore, it is hereby ordered, adjudged, and decreed that an interlocutory injunction be issued, strictly commanding and enjoining the defendant, National Hollow Brake Beam Company, its officers, clerks, agents, servants, and attorneys, that they forthwith, and until the further order of this court, desist from manufacturing or selling, or endeavoring to manufacture or sell, 'National Hollow Brake Beams,' engaging in any new business, making any contracts imposing financial obligations upon said National Hollow Brake Beam Company, or distributing any part of the assets of the National Hollow Brake Beam Company, except that said National Hollow Brake Beam Company may make such engagements and disbursements as may be necessary or proper in the ordinary conduct of its affairs, including all litigation in which it is or may be involved; and the said National Hollow Brake Beam Company, its agents and attorneys, are further enjoined and restrained from prosecuting the action brought by the National Hollow Brake Beam Company against the Chicago Railway Equipment Company in the municipal court of the city of Chicago, being case No. 1,045 on said municipal court calendar, until the further order of this court, conditioned, however, that said Chicago Railway Equipment Company, within ten (10) days from the date of the entry of this order, deposit into the registry of this court a certificate of deposit of the American Trust & Savings Bank, payable to the order of the clerk of this court, for the sum of twenty thousand dollars ($20,000), together with five per cent. (5%) interest thereon from January 1, 1908, to January 1, 1909, being the sum of one thousand dollars ($1,000), making an aggregate of twenty-one thousand dollars ($21,000), and that from time to time hereafter it deposit such additional sums as may be necessary to have at all times deposited hereunder in the registry of this court a sum equal to twenty thousand dollars ($20,000), plus interest thereon at the rate of five per cent. (5%) per annum, from January 1, 1908, to a date beyond the date of each of said deposits, provided, however, that said Chicago Railway Equipment Company shall not be required to deposit at any one time a sum less than five hundred dollars, such sum of twenty-one thousand dollars ($21,000), together with the said additional deposits, to be subject to and to be paid out under the order of this court.   It is further ordered that the cross-complainant, Chicago Railway Equipment Company, give bond in the sum of twenty-five thousand dollars ($25,000) to the National Hollow Brake Beam Company, for the payment of any profits or damages that may be decreed against the Chicago Railway Equipment Company between the date of this order, and before or in the final decree in this cause.   And it is further ordered that if the cross-complainant fails to execute and file with the clerk of this court, such bond within ten (10) days from the entry of this order, this injunction shall be and stand as dissolved.   Leave is hereby granted the National Hollow Brake Beam Company to at any time, and from time to time, apply to the court for an increase in the amount of the above-mentioned bond."

The pleadings, controversies, parties, and circumstances involved in the appeal are sufficiently described in the opinion.

Joseph H. Defrees and Randolph Laughlin, for appellant.
Frederick N. Judson and M. S. Oppenheim, for appellee.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

SEAMAN, Circuit Judge (after stating the facts as above). The controversies in litigation between the parties, as disclosed in the pleadings and proceedings before the trial court, under which the injunctional order appealed from was granted, involve numerous complications of law and fact, both under the averments of the bill, cross-bill, and supporting affidavits, and in the appellant's answering averments, setting up (among other matters) prior litigation and adjudication of the subject-matter between the actual parties in interest. This appeal, however, does not involve the merits of these controversies, nor solution of any of the complex questions which may arise under the issues raised by the pleadings; nor do we understand that it presents a question of want of jurisdictional averments in the original bill. The test of authority, therefore, to grant the injunctional order, alike with the case of Harding v. Corn Products Refining Company (No. 1,497, decided herewith) 168 Fed. 658, is whether such allowance was within the exercise of judicial discretion under the issues and circumstances presented.

The original bill is filed in the name of Henry G. Brown, as complainant, alleged to be a citizen of Pennsylvania and owner of 825 shares of stock in one of the defendant corporations, and all of the defendants impleaded therein are either citizens of Illinois or of other states than Pennsylvania, so that the jurisdictional requirements of diversity of citizenship and amount involved are plainly averred. The controversies and transactions alleged to constitute the cause of action, however, are mainly, if not wholly, between the two defendant corporations, parties to this appeal, the appellee, Chicago Railway Equipment Company (which is hereinafter mentioned for brevity as the "Equipment Company") and the appellant, National Hollow Brake Beam Company (referred to as the "Beam Company"), and the alleged corporate representatives of each, with both of these corporations stated to be citizens of Illinois.

Upon averments thus appearing in the bill, and others of record in the proceedings, it was and is contended (in effect) on behalf of the appellant that the "suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said Circuit Court" (vide Act March 3, 1875, c. 137, § 5, 18 Stat. 472 [U. S. Comp. St. p. 511]), but discloses a controversy between these corporation defendants only, citizens of Illinois; that a fraudulent attempt thus appears on the part of the complainant to invoke federal jurisdiction for the benefit of the alleged defendant Equipment Company, and escape litigation pending in the state courts over such controversies; that the complainant and such appellee must, therefore, be arranged on the same side, leaving no authority for the injunction granted in favor of the Equipment Company (as cross-complainant) against the Beam Company. These deductions from the premises of fact stated are indisputable, under the well-settled limitations of federal jurisdiction and au-

thorities referred to (see Dawson v. Columbia Trust Co., 197 U. S. 178, 180, 25 Sup. Ct. 420, 49 L. Ed. 713 and cases cited), and if the facts are as contended, neither the bill nor the (dependent) cross-bill can be maintained for any form of relief in the trial court. If the record, therefore, distinctly presents such facts, or a well-defined jurisdictional issue thus raised, which could readily and speedily be determined, we believe the exercise of judicial discretion would require hearing and determination thereof as a condition precedent to this allowance of injunctional relief under the cross-bill.

On reference to the original bill, averments clearly appear of complainant's interest as stockholder of the Beam Company, disputed on the part of the corporation, and of conditions in reference to the obligations, control, and assets of such corporation, which state prima facie cause for adjudication thereupon for some form of remedy in favor of the complainant against the Beam Company. It is contended, however, that this alleged cause of action is plainly remediable at law, and neither authorizes equitable cognizance and relief nor making the Equipment Company, or other parties named, defendants to such controversy, nor introduction of the major portion of the averments of fact. Passing for present consideration the challenge for want of equity—which is unaffected by either of the objections so raised for excess of averments or parties—the entire scope of the averments in the bill, both as to subject-matter and parties, must be ascertained, for the purposes of the test of bona fides, under the above-mentioned statutory provision, when federal jurisdiction is thus invoked. Whenever suspicion arises, through motion or otherwise, that the prima facie averments of the bill to that end are merely colorable—that the alleged controversy "is not really and substantially between the parties" of diverse citizenship, as arranged in the bill, but is in truth between one and another defendant of like citizenship—we believe it to be the duty of the court to make such reasonable examination as may be needful to settle the bona fides.

In that view, a summary of the main facts and controversies stated in this bill is pertinent and instructive, namely: That the Beam Company was organized in 1887, erected works for the manufacture of brake beams and other railway appliances, and was extensively engaged in such business until 1892; that it then entered into arrangements with the Equipment Company, for discontinuance thereof, and transferred to the Equipment Company all its business, patents, and good will, becoming "essentially an investment company," to receive semiannual payment of the purchase price, to be made by the Equipment Company during a period expiring December 31, 1907; that such arrangement provided for dissolution of the Beam Company at such expiration period, and distribution of its assets; that such purchase-money consideration was $975,000, to be paid to the Beam Company in semiannual installments; that such payments, after deductions stated for expenses and dividends to stockholders, were to constitute "a sinking fund, for the purpose of redeeming the stock" of the Beam Company, at par, together with 8 per cent. dividends, at the end of the 15 years, and any excess thereof to be paid to the Equipment Company;

that the shareholders of the Equipment Company were all shareholders of the Beam Company when such transfer was made; that the business was accordingly discontinued by the Beam Company, and it has conducted no business beyond keeping up its organization and making the semiannual collections and payments above mentioned; that under a subsequent arrangement 'for commutation of the semiannual payments, the Equipment Company has made all such payments, and the assets of the Beam Company are more than sufficient to redeem all outstanding shares of stock at par, and pay the dividends thereon as provided; that "there is no reason for the continuance of the Beam Company, and its business should be liquidated and its stock redeemed, as provided in the plan of organization"; that the Beam Company has been controlled by the defendant Laughlin since such arrangement; that said Laughlin has committed various "acts of maladministration" therein, in appropriation of assets, taking shares of stock which should have been canceled under the arrangement, and in causing a mortgage to be executed by the Beam Company in his own favor for claims which should be canceled, which mortgage is alleged to be void; that the complainant purchased 825 shares of the Beam Company stock in 1902, under circumstances stated, and the defendant Laughlin, as president of the company, has denied such ownership; and that the directors of the company have joined with such president in refusing to recognize the complainant as stockholder, and denied him either return of the purchase money or recognition as stockholder. The relief prayed for is to have complainant's status declared as a stockholder of the Beam Company, the mortgage upon the property set aside, the affairs of the corporation wound up and assets distributed, together with accounting and recovery for the alleged transactions between the corporation and Laughlin.

The complainant thus avers "a justiciable claim of right made by a citizen of one state against a citizen of another state"—namely against the Beam Company—which is prima facie "a controversy or dispute between the parties within the meaning of the statute." Re Metropolitan Railway Receivership, 208 U. S. 90, 107, 28 Sup. Ct. 219, 223, 52 L. Ed. 403. Such view, however, does not impress us as decisive of the present inquiry of bona fides in filing this bill for equitable relief, with an array of averments and parties named as defendants which may appear neither needful nor proper for adjudication of the alleged claim as stockholder. Under these averments, the sole interest of the complainant in the subject-matter is (a) the sufficiency of assets remaining in the Beam Company to pay or redeem the alleged outstanding shares of stock at par, together with the dividend agreed upon, and (b) such relief as may be needful to establish his ownership of shares in dispute and recovery accordingly. As the bill expressly avers that the assets "are more than sufficient" to make such payments or redemption, no accounting for assets is needful to ascertain the amount recoverable, which is fixed under the alleged "plan of organization." For accounting and recovery beyond this liquidated amount in favor of stockholders, the only party alleged in the bill as having a beneficial interest is the Equipment Company, named as defendant; and its cross-

bill appears filed accordingly, with averments which repeat and amplify those of the original bill, supplemented by other averments, of acts and threats on the part of the Beam Company in violation of the agreements between them which tend to injure the interests and business of the Equipment Company, and of prior "extended litigation" in various state courts over portions of the subject-matter.

With the averments of the bill, therefore, assumed to authorize equitable relief in favor of the complainant Brown, the issues which are germane to such relief do not involve the complications of law and fact which are stated in reference to alleged equities of the Equipment Company, and are all comparatively within narrow compass; so that the extended recitals of fact therein, which are not otherwise needful, are fairly attributable to the purpose (as appellant contends) of enabling the Equipment Company to litigate thereunder its alleged equities. The suspicion thus arises on the face of the bill that the averments and arrangement of parties were, as described in Dawson v. Columbia Trust Company, 197 U. S. 178, 181, 25 Sup. Ct. 420, 422, 49 L. Ed. 713, "merely a contrivance between friends for the purpose of founding a jurisdiction which otherwise would not exist"; and on reference to the cross-bill, which was promptly filed by the Equipment Company, and to the further fact (brought to the attention of the trial court) that the original bill was signed by Mr. Ahrens, who was both director and general counsel for the Equipment Company, we believe sufficient ground appeared for notice and inquiry by the court, under the statutory provision and authority above cited.

On the part of the Beam Company, however, jurisdiction was expressly challenged in various forms—through averments in its answers respectively to bill and cross-bill and by motion and supporting affidavits—with prompt application for special reference to a master "to ascertain the truth or falsity of all averments touching the jurisdiction of this court," under the issues so made, for speedy determination thereof. The issue is distinctly raised, not only of mere contrivance, through the filing of the bill in the name of Brown, to enable the Equipment Company to litigate thereunder controversies with the Beam Company which had long been in litigation between them in the state courts (vide Dawson v. Columbia Trust Co., supra), but upon the bona fides of the claim set up that Brown either owned or claimed to own the shares of stock of which ownership is averred in the bill. While the bill is neither signed by Brown, nor verified by affidavit, and no affidavit appears in the record in support of the alleged ownership of stock, an affidavit of Laughlin is of record denying such ownership, and stating facts and exhibiting purported correspondence with Brown in support of such denial, which call for explanation, to say the least.

We are of opinion that the jurisdictional issue so presented should be determined before proceedings or hearing in reference to the merits; that the doctrine upheld in Dawson v. Columbia Trust Co., supra, must govern such determination when the facts are ascertained; that the facts in issue appear to be readily and speedily ascertainable; and that the exercise of judicial discretion, under the circumstances of record, required postponement of the appellee's motion for injunctional relief until determination of such issue.

The further contentions, on the part of the appellant, that the original bill furnishes no support for the cross-bill—and therefore no ground for the injunctional relief in favor of the appellee, as cross-complainant—for various objections urged to the sufficiency of the bill for equitable cognizance, do not affect jurisdiction of the cross-bill, as we believe, and in the absence of the complainant, Brown, and full hearing thereupon, should not be determined. We neither express nor intimate opinion upon such questions, therefore, leaving them open for consideration, when at issue between all parties in interest.

The injunctional order granted by the Circuit Court is therefore reversed, with direction to proceed further in conformity with the foregoing opinion.