INTERNATIONAL UNION OF ELECTRI-
CAL, RADIO AND MACHINE WORK-
ERS, AFL–CIO–CLC, an unincorporated
association, et al., Plaintiffs,

v.

WESTINGHOUSE ELECTRIC
CORPORATION, Defendant.

Civ. No. 75–467.

United States District Court,
W. D. New York.

Nov. 15, 1976.

Winn Newman, Ruth Weyand, Washington, D.C., for International Union and Local 1581.

Michael H. Gottesman, Washington, D.C., for individually named plaintiffs; Thomas P. McMahon, Buffalo, N.Y., local counsel for all plaintiffs.

John G. Wayman, Pittsburgh, Pa., for defendant; Robert B. Conklin, Buffalo, N.Y., local counsel for defendant.

## MEMORANDUM and ORDER

ELFVIN, District Judge.

The International Union of Electrical, Radio and Machine Workers ("IUE"), its Local Union No. 1581 ("L.U. 1581"), and six female members of a bargaining unit at the Buffalo plant have instituted suit against the above named defendant pursuant to Title VII of the Civil Rights Act, as amended, 42 U.S.C. §§ 2000e et seq., alleging sex discrimination with respect to compensation, job assignment, promotion and seniority. Defendant has counterclaimed against both IUE and L.U. 1581 ("the unions") alleging that they are liable wholly or in part because they were signatories to the collective bargaining agreement which embodies the terms and conditions of employment at the Buffalo plant. The case is now before this Court on defendant's motion to realign the unions as defendants.

The alignment of parties is governed by the real interests of the litigants. *Indianapolis v. Chase National Bank*, 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47 (1941). In order to ensure a fair determination on the merits, parties should be arranged "according to their sides in the dispute." *Dawson v. Columbia Trust Co.*, 197 U.S. 178, 180, 25 S.Ct. 420, 421, 49 L.Ed. 713 (1905). This Court, in ruling on the instant motion, must ascertain whether any "difference or collision of interest or action" exists between the unions and defendant. *Dawson, supra,* at 181, 25 S.Ct. at 421. This determination can be made by examining the "principal purpose of the suit" and the "primary and controlling matter in dispute." *Merchants' Cotton Press Co. v. N. A. Insurance Co.*, 151 U.S. 368, 385, 14 S.Ct. 367, 373, 38 L.Ed. 195 (1894); *East Tennessee, V. & G. R. v. Grayson*, 119 U.S. 240, 244, 7 S.Ct. 190, 30 L.Ed. 382 (1886). These guidelines, though established in the context of diversity jurisdiction cases, are equally applicable where, as here, the court must decide to which side of a suit involving alleged sex discrimination in employment practices the unions, as the bargaining representatives of the individual employees, belong. *Wade v. Mississippi Cooperative Extension Service*, 528 F.2d 508, 521 (5th Cir. 1976).

An analysis of the real interest of a union in a Title VII sex discrimination action must focus on the union's position with respect to the matters in dispute. *Equal Emp. Op. Com'n v. American T. & T. Co.*, 506 F.2d 735 (3d Cir. 1974). In that case, the union was not permitted to intervene generally as a plaintiff because it sought to defend its existing collective bargaining agreements and opposed changes to their provisions granted by the Equal Employment Opportunity Commission. Such a position, it was noted, was diametrically opposed to one which would have been taken by a plaintiff who desired to modify discriminatory employment practices. This is not the situation at hand. The unions here side with the individual workers in seeking an end to sex discrimination.

Furthermore, the lower court in the *American T. & T. Co.* case had granted the union the right to intervene as plaintiff solely with respect to alleged discriminatory maternity leave benefits because the union was challenging the legality of the employment practices with respect to those benefits. It is significant that the decision of the appellate court left intact the trial court's initial determination allowing the union to intervene as plaintiff with respect to such practices. This indicates that a union is properly a plaintiff when it opposes alleged discriminatory employment practices and does not seek to uphold the provi-

sions of that facet of the collective bargaining agreement negotiated by it.

In *Lynch v. Sperry Rand Corporation*, 62 F.R.D. 78 (S.D.N.Y.1973), the court denied defendant's motion to realign the unions as defendants. Therein the unions sought to eliminate sex discrimination in the pension plan contained in the collective bargaining agreements negotiated by the parties. Because the unions asserted the existence of illegal discriminatory practices and their interests appeared sufficiently adverse to the corporate employer, they were permitted to proceed as plaintiffs in the action even though they had previously agreed to the collective bargaining contracts.

In the present case, the unions have alleged and seek to eradicate sex discrimination in the terms and conditions of employment at defendant's Buffalo plant. They do not attempt to defend the collective bargaining agreement, but seek to overturn those provisions which support any aspect of sex discrimination in employment practices at the Buffalo plant. The unions contend that they have over a period of many years attempted through contract negotiations to eliminate the disparities which existed between male and female employees. Their contract proposals, however, were rejected and their bargaining efforts proved unsuccessful. As a result of a lack of progress at the bargaining table, IUE has instituted or joined in numerous pending judicial proceedings against defendant alleging sex discrimination violative of Title VII.

■ The interest of the unions is plainly adverse to that of defendant. The primary and controlling matter in dispute here is the existence of alleged sex discrimination in defendant's employment practices. The principal purpose of the instant action is to redress and eliminate that discrimination. The unions have brought this action in a representative capacity and seek damages and injunctive relief on behalf of women employees in the bargaining unit who have been allegedly discriminated against by their employer. Defendant, of course, denies that any discriminatory practices ever existed. If such discrimination did in fact occur, defendant, not the unions, has benefitted economically from the lower wages paid to its female workers. The "difference or collision of interest or action" between the unions and defendant with respect to the subject matter of the instant action is undeniable. Notwithstanding that the unions were signatories to the collective bargaining agreement which perpetuated the alleged invidious discrimination, the real interest of the unions is as plaintiffs and not as defendants.

■■ The reasons asserted by defendant for realignment in its memoranda and at oral argument are unpersuasive. It is true that a union's role as a party to a collective bargaining agreement can be legally sufficient to impose joint liability on the union for unlawful discrimination in employment practices. *Johnson v. Goodyear Tire & Rubber Co.*, 491 F.2d 1364, 1381 (5th Cir. 1974). In the case at hand, defendant has counterclaimed against the unions for indemnification or contribution in the event it is found liable for damages. If the unions are partly responsible for the alleged sex discrimination, this can be adequately litigated by means of the counterclaim. That, rather than realignment, is the appropriate procedural vehicle. Also, it appears there is no bar to indemnification or contribution. *See, Grogg v. General Motors Corp.*, 72 F.R.D. 523 (S.D.N.Y.1976); *Lynch v. Sperry Rand Corp., supra*, at 89–90.

Furthermore, the unions should remain as plaintiffs so that the individual employees in vindicating their civil rights may utilize the expertise and financial support of their unions which are obligated to represent such interests pursuant to their duty to represent fairly all workers in the bargaining unit. *Air Line Stew. & S. Ass'n, Local 550 v. American Airlines, Inc.*, 490 F.2d 636 (7th Cir. 1973); *Local 186, Int. Pulp. Sulphite, & P.M.W., v. Minnesota M. & M. Co.*, 304 F.Supp. 1284, 1294 (N.D.Ind.1969); *International Chemical Workers U. v. Planters Mfg. Co.*, 259 F.Supp. 365, 368 (N.D. Miss.1966). In addition, the individual plaintiffs have decided not to sue their un-

ions and any limitation on recovery which results is a consequence of their own choice. They are, however, independently represented by counsel and their rights will be adequately safeguarded.

Defendant contends that realignment is justified because, unless the unions are defendants in this action, they would not be in contempt for violating an order enjoining any further sex discrimination. This Court, however, has ample statutory authority pursuant to 28 U.S.C. § 1651 to protect any order directed to defendant. *See, United States v. Wallace*, 218 F.Supp. 290 (N.D. Ala.1963). It is highly improbable, though, that the unions would interfere with or encourage noncompliance with any such order.

For these reasons, it is hereby

ORDERED that defendant's motion to realign unions as defendants is denied.