568 F.2d 64
 16 Fair Empl.Prac.Cas. 258, 15 Empl. Prac.
Dec. P 7981
INTERNATIONAL WOODWORKERS OF AMERICA, AFL-CIO, CLC and its
Local 5-475, Appellants,
v.
GEORGIA-PACIFIC CORPORATION, Appellee.
 No. 77-1308.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 16, 1977.
Decided Dec. 16, 1977.
Petition for Rehearing or Modification Denied Jan. 5, 1978.
 
 James E. Youngdahl, Little Rock, Ark., for appellant.
 Robert S. Lindsey, Little Rock, Ark., for appellee; Kathlyn G. Farrar, Little Rock, Ark., L. Philip McClendon, Crossett, Ark., and Charles K. Howard, Jr., Atlanta, Ga., on the brief.
 Before MATTHES, Senior Circuit Judge, STEPHENSON, Circuit Judge, and WANGELIN, District Judge.*
 MATTHES, Senior Circuit Judge.
 
 
 1
 International Woodworkers of America and its Local 5-475 (hereinafter collectively referred to as IWA), which represent workers in appellee Georgia-Pacific's forestry, chemical, and plywood facilities in Crossett, Arkansas, brought this class action under 42 U.S.C. § 1981 and 42 U.S.C. § 2000e et seq. The complaint asked damages and injunctive relief alleging racially discriminatory employment practices on the part of appellee Georgia-Pacific. The class IWA sought to represent included all black persons presently employed at appellee's Crossett facilities, as well as those black persons who might gain or seek such employment in the future.
 
 
 2
 Shortly before IWA filed its complaint, several of its black members filed a class action under 42 U.S.C. § 1981 and 42 U.S.C. § 2000e et seq. on behalf of those black persons who were employed, had been employed, had sought employment, or might seek employment at Georgia-Pacific's Crossett facilities. Both Georgia-Pacific and IWA were named as defendants and charged with engaging in racially discriminatory employment practices. Before the time for a responsive pleading had elapsed, IWA was voluntarily dismissed as a defendant. The two actions were then consolidated.
 
 
 3
 Subsequently, Georgia-Pacific moved for a determination that the class be limited to those who were employed, had been employed, had sought employment, and might seek employment at Georgia-Pacific's plywood operation in Crossett.[1] The motion for class determination was supported by an affidavit. IWA opposed the motion.
 
 
 4
 In an unpublished memorandum opinion and order the district court found that IWA could not fairly and adequately represent the class because it had been a defendant in the early stages of the litigation. The district court then limited the class in accordance with Georgia-Pacific's motion for class determination and named the individual plaintiffs as the class representatives. IWA's complaint was dismissed on the ground that the class would be better represented by the individual plaintiffs. The district court then "realigned" IWA as a party defendant because of the possible effect that a grant of relief could have on the Georgia-Pacific/IWA collective bargaining agreement.
 
 
 5
 IWA has appealed from the judgment entered on the district court's order of dismissal. The primary issue on appeal is whether IWA has standing to maintain an action against Georgia-Pacific seeking remedies for discrimination against the employees IWA represents at Georgia-Pacific's plywood, chemical, and forestry facilities in Crossett, Arkansas. A subsidiary, but important, question is whether the district court was justified in dismissing IWA's class claim without taking any evidence regarding the right and capacity of IWA to serve as a Rule 23 class representative. We vacate the order dismissing IWA's complaint and remand the cause for further proceedings.
 
 
 6
 * Provided the court has jurisdiction, a litigant's individual claim survives the determination that he cannot maintain his action as the representative of a class under Fed.R.Civ.P. 23. See Harris v. Palm Springs Alpine Estates, 329 F.2d 909, 913 (9th Cir. 1964); 3B Moore's Federal Practice P 23.97, at 1951 (2d ed. 1977). In the case at bar, the district court determined that IWA could not fairly and adequately represent the class and then dismissed IWA's action. But regardless of the requirements of Fed.R.Civ.P. 23,[2] unless IWA had no standing to sue in its representative capacity, the district court erred in dismissing IWA's complaint.
 
 
 7
 The question of whether an unincorporated association such as IWA has standing to sue as the representative of its members was settled by the Supreme Court in Warth v. Seldin, 422 U.S. 490, 511, 95 S.Ct. 2197, 2211-12, 45 L.Ed.2d 343 (1975):
 
 
 8
 Even in the absence of injury to itself, an association may have standing solely as the representative of its members. . . . The association must allege that its members, or any one of them, are suffering immediate or threatened injury as a result of the challenged action of the sort that would make out a justiciable case had the members themselves brought suit. (citations omitted.)
 
 
 9
 Absent the assignment of the damages claims of its members or the allegation of monetary injury to itself, an association may only seek injunctive or declaratory relief, however. Id. at 515-16, 95 S.Ct. 2197.
 
 
 10
 The complaint filed by IWA alleges sufficient facts to indicate that its members working in Georgia-Pacific's plywood, chemical, and forestry facilities have been harmed by the company's racially discriminatory policies. It is clear that, under Warth, IWA has standing to sue in its representational capacity.
 
 
 11
 In addition, it appears that there are no legislative limitations on IWA's standing. Under Title VII, a suit alleging discrimination can be brought by any "person claiming to be aggrieved." 42 U.S.C. § 2000e-5(a), (e). Labor unions are expressly included in the definition of "person." 42 U.S.C. § 2000e(a). The EEOC has determined that labor unions may be "persons aggrieved" under the statute and that determination has received judicial recognition. International Chemical Workers Union v. Planters Manufacturing Co., 259 F.Supp. 365, 366-68 (N.D.Miss.1966). Moreover, the legislative history of the 1972 amendments to Title VII indicates Congress' intent that unions have standing to sue as "persons aggrieved." S.Rep.No.92-415, 92nd Cong., 1st Sess. 27 n.16, reprinted in U.S. Senate Committee on Labor and Public Welfare, Legislative History of the Equal Employment Opportunity Act of 1972, at 436 (1972).
 
 
 12
 Finally, policy considerations weigh strongly in favor of affording standing to unions which file suit to end discriminatory employment practices. The financial backing and legal expertise that unions can provide would materially advance the type of private enforcement essential to the effectiveness of Title VII. Local 194, Retail, Wholesale & Department Store Union v. Standard Brands, 540 F.2d 864, 866 (7th Cir. 1976); see IUE v. Westinghouse Electric Corp., 73 F.R.D. 57, 59 (W.D.N.Y.1976).
 
 
 13
 We conclude that IWA has standing to sue as the representative of its members employed in the forestry, plywood, and chemical facilities of Georgia-Pacific at Crossett, Arkansas, at least insofar as injunctive relief is sought. Therefore, it was error for the district court to dismiss IWA's complaint since IWA's representational claim survived the determination that its class action could not proceed.
 
 II
 
 14
 Our resolution of the standing question requires reversal of the district court's order dismissing IWA's action. There remains the question of whether the district court properly determined that IWA could not fairly and adequately represent the class of persons who are employed, have been employed, have sought employment, or might seek employment at Georgia-Pacific's plywood facility in Crossett, Arkansas.
 
 
 15
 The district court's determination of IWA's inadequacy as a class representative was premised solely on IWA's brief tenure as a defendant in the early stages of the litigation, despite the voluntary dismissal of the claim against IWA prior to a responsive pleading. The district court acted without holding a hearing or taking evidence regarding any of the factors normally requisite to a determination of the fairness and adequacy of class representation. See 3B Moore's Federal Practice P 23.07(1), at 23-352-53 (2d ed. 1977).
 
 
 16
 We cannot countenance the district court's procedure in this case. As this court recently noted in a similar context:
 
 
 17
 The propriety of class action status can seldom be determined on the basis of the pleadings alone. . . . The District Court must have before it "sufficient material . . . to determine the nature of the allegations, and rule on compliance with the Rule's requirements . . . ." Securing this material does not always require a formal evidentiary hearing. . . . Where, however, the pleadings themselves do not conclusively show whether the Rule 23 requirements are met, the parties must be afforded the opportunity to discover and present documentary evidence on the issue. (citations omitted.)
 
 
 18
 Walker v. World Tire Corp., 563 F.2d 918, 921 (8th Cir., 1977).
 
 
 19
 Georgia-Pacific contends that IWA can never adequately represent the class because of a supposedly inherent conflict of interest between the white members of IWA and the alleged discriminatees. In effect, Georgia-Pacific urges that we hold, as a matter of law, that a racially-mixed union cannot be an adequate representative of the class of its black members. This we decline to do.
 
 
 20
 We recognize that certain difficulties may arise when a union seeks to represent a class consisting of only some of its members. See, e. g., Local 194, Retail, Wholesale & Department Store Union v. Standard Brands, supra; Air Line Stewards & Stewardesses Ass'n, Local 550 v. American Air Lines, Inc., 490 F.2d 636 (7th Cir. 1973); Compare Lynch v. Sperry Rand Corp., 62 F.R.D. 78 (S.D.N.Y.1973) with Thompson v. Board of Education, 71 F.R.D. 398 (W.D. Mich.1976). On remand, IWA may encounter such difficulties and find them insurmountable. But on the meager record before this court, it would be imprudent for us to address and attempt to resolve the potential problems of the present litigation. Therefore, we hold only that the district court failed to properly consider IWA's request to represent the class herein.
 
 
 21
 The order of the district court dismissing IWA's action must be, and is, reversed. The cause is remanded with directions to reinstate IWA's action and allow IWA to maintain its representational claims on behalf of its members employed in Georgia-Pacific's plywood, forestry, and chemical facilities at Crossett, Arkansas.[3] The court shall also take evidence and grant the parties an opportunity to be heard on whether IWA can fairly and adequately represent the class determined by the district court, and afford such relief as may be just and proper.
 
 ON PETITION FOR REHEARING OR MODIFICATION
 
 22
 PER CURIAM.
 
 
 23
 Georgia-Pacific Corporation has filed a petition for "rehearing or a modification of a portion" of our opinion filed on December 16, 1977.
 
 
 24
 Georgia-Pacific has apparently read our opinion as a mandate to the district court to consolidate the claims of IWA that discrimination is being practiced in the forestry and chemical operations of Georgia-Pacific, as well as at its plywood operation in Crossett, Arkansas.
 
 
 25
 Careful consideration of that portion of our opinion dealing with the right of IWA to represent its members at the three operations refutes the apparent view of Georgia-Pacific. The district court, in its discretion, may order a separate trial of the claim of alleged discrimination at the plywood operation, and our opinion should not be interpreted as an absolute mandate that the issue of discrimination at all three operations must be tried together. See Fed.R.Civ.P. 42(b).
 
 
 26
 The petition for rehearing or modification is denied.
 
 
 
 *
 The Honorable H. Kenneth Wangelin, United States District Judge, United States District Court, Eastern District of Missouri, sitting by designation
 
 
 [1]
 Georgia-Pacific's Crossett facilities include plywood, chemical, forestry, particleboard, panelboard, tissue, pulp, bag, extrusion, kraft paper, and foodboard operations
 IWA represents workers in the plywood, chemical, and forestry operations.
 
 
 [2]
 It was unnecessary for IWA to meet the requirements of Fed.R.Civ.P. 23 in order to sue representationally. Local 194, Retail, Wholesale & Department Store Union v. Standard Brands, 540 F.2d 864, 867 (7th Cir. 1976)
 
 
 [3]
 Inasmuch as IWA has alleged and is claiming that Georgia-Pacific is engaging in discriminatory conduct against its black employees, represented by IWA, at the forestry and chemical facilities in Crossett, Arkansas, logic and judicial economy dictate that this charge should be litigated and fully ventilated along with the action focused on the claimed discrimination at Georgia-Pacific's plywood operation