**John A. MACHELLA, etc.,
Plaintiff-Appellant,**

**v.**

**M. Michael CARDENAS, as Administrator of the Small Business Administration, Defendant-Appellee.**

**No. 80–3129.**

United States Court of Appeals,
Fifth Circuit.
Unit A

Aug. 14, 1981.

Rehearing Denied Oct. 19, 1981.
See 659 F.2d 650.

Patrick D. Breeden, Robert Hugh Matthews, New Orleans, La., for plaintiff-appellant.

Susan M. Chalker, William Kanter, Dept. of Justice, Civ. Div., Appellate Staff, Washington, D.C., for defendant-appellee.

Before RUBIN, RANDALL and TATE, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

■ John A. Machella brought this suit, aspiring to class action status, against the Small Business Administration (S.B.A.). Successively, he sought certification of three classes of S.B.A. disaster loan borrowers who had not received the full amount of forgiveness on their loans that he contended was mandated by the Disaster Relief Acts of 1969 and 1970. The district court refused to certify any of the classes and entered summary judgment in favor of the S.B.A. on Machella's individual claim. Because,

prior to suit, Machella had already received the full forgiveness to which he was entitled and otherwise lacks a nexus with the classes described, we hold that he is not entitled to individual relief and cannot serve as a proper class representative. We affirm the judgment.

The S.B.A. administers the federal disaster relief loan program. *See* 15 U.S.C. § 636(b). Following Hurricane Camille, in August, 1969, John Machella applied for a $4,000 disaster relief loan. This was approved on September 23rd. On October 1, Congress enacted the Disaster Relief Act of 1969, Pub.L.No. 91–79, 91st Cong., 1st Sess., 83 Stat. 125 (1969). Section 6 of the Act granted a reduction, not to exceed $1,800, of the amount owed on loans made to cover loss of or damage to uninsured property.[1] Section 6 applied to Machella's loan, entitling him to reduction of the amount due by $1,800.

In August, 1970, Machella applied for an increase in the amount of his loan to cover a down payment on a mobile home. At the same time, he elected to receive $1,800 forgiveness on the total balance due on his loan. The S.B.A. approved his application and granted the forgiveness. After the S.B.A. issued a check to him for the increase, Machella chose not purchase the mobile home and returned the check to the S.B.A. unnegotiated.

On December 31, Congress enacted the Disaster Relief Act of 1970, Pub.L.No. 91–606, 91st Cong., 2d Sess., 84 Stat. 1744 (1970). Section 231 of the Act increases the maximum amount of forgiveness available to S.B.A. disaster loan borrowers from the $1800 provided by the 1969 Act to $2500.[2]

---

1. In language that ought to have shamed the draftsman, Section 6 provides, in relevant part:

   In the administration of the disaster loan program . . ., in the case of property loss or damage in any affected State resulting from a major disaster, the Small Business Administration—

   (1) to the extent such loss or damage is not compensated for by insurance or otherwise (A) shall at the borrower's option on that part of any loan in excess of $500 cancel (i) the interest due on the loan, or (ii) the

   principal on the loan, or (iii) any combination of such interest or principal except that the total amount so canceled shall not exceed $1,800, . . .

2. Section 231 provides, in relevant part:

   In the administration of the disaster loan program . . . in the case of property loss or damage in any affected State resulting from a major disaster . . . the Small Business Administration—

   (1) to the extent such loss or damage is not compensated for by insurance or other-

Section 304 of the 1970 Act makes the effective date of Section 231 retroactive to April 1, 1970.[3]

Machella contends that all borrowers to whom the S.B.A. made loans after the "effective date" are entitled to $2500 forgiveness and that he is therefore entitled to an additional $700 forgiveness under the 1970 Act. He argues that, while his loan was approved in 1969, before the effective date of the 1970 Act, he borrowed additional money in August, 1970, after the effective date, and thus became entitled to the greater dispensation. The S.B.A. contests both the factual and the legal interpretation: it argues that Machella made no loan after the effective date and, in any event, the term "effective date" in the statute refers to the date of the disaster not the date that the loan was granted.

■ The district judge held that Machella made no loan to which the amendment could apply and we agree with his interpretation of the facts. As we have noted, Machella never negotiated the check mailed to him and consequently never increased the amount he owed to the S.B.A. The mere issuance of a check never negotiated gives Machella no tenable claim to the forgiveness mandated by the 1970 Act. We, therefore, do not reach the question whether the 1970 Act applies to loans negotiated after April 1, 1970, or to disasters occurring after that date.

■ Machella contends that, even if his personal claim lacks merit, he is entitled to represent the three classes he proposed. We must determine whether Machella's claims as a representative party are typical of the claims of the class. Rule 23(a)(3), Fed.R.Civ.P. Machella seeks to represent two classes of persons (the second and third classes defined by his supplemental complaints) consisting of persons who borrowed from the S.B.A. after April 1, 1970. Be-

cause Machella did not make a loan after 1969, he is not a member of these classes, and his claim is *a fortiori* not typical of their claims.

■ Machella also claims to represent the following class:

all disaster borrowers from defendant [S.B.A.] relative to Disasters which occurred on or after December 1, 1968 to January 1, 1971 who did not receive the full forgiveness authorized by either [Disaster Relief Act].

Narrowed by the necessary elimination of post-April 1, 1970, borrowers, this can include only persons who made earlier loans. The S.B.A. disputes even the existence of such a class. It points out that only those who suffered uninsured loss are accorded forgiveness, that it has granted forgiveness to every borrower who has applied for it and shown evidence that his loss was uninsured. However, not only has Machella made no claim for relief under the 1969 Act, he has already received the full relief due him under that act. His situation is sufficiently atypical that he is not a proper representative of persons who have yet to receive forgiveness under the Act.

■ Machella argues that he has not received the full relief due him under the 1969 Act because the S.B.A. reduced the principal owed on his loan by the statutory amount of forgiveness as of the date that forgiveness was granted, whereas it should have treated the reduction as occurring on the date that the loan was initially approved. It should have recomputed the amount of interest due and given him credit for this additional sum. This argument is based on a misconstruction of the statute. Section 6 of 1969 Act provides that the borrower has the option to cancellation of interest or principal or any combination of these "except that the total amount so cancelled shall not exceed $1,800." *See* footnote 1, *supra*. Machella's interpretation

wise, (A) shall on that part of any loan in excess of $500 cancel the principal on the loan, except that the total amount so canceled shall not exceed $2,800 . . . .

**3.** Section 304 provides:

This Act shall take effect immediately upon its enactment, except that sections 226(b), 237, 241, 252(a), and 254 shall take effect as of August 1, 1969, and sections 231, 232, and 233 shall take effect as of April 1, 1970.

would increase the forgiveness actually received to an amount in excess of $1,800. This result would be contrary to the express terms of the statute. Because neither the statutory language nor the legislative history support a contrary interpretation, we hold that interest is recomputed as of the date that the forgiveness is received.

 That he is ultimately shown not to have a meritorious claim does not, of itself, preclude a plaintiff from serving as a class representative. *Huff v. N.D. Cass Co.*, 485 F.2d 710, 712 (5th Cir. 1973) (en banc). Here, however, Machella's sole claim of injury under the 1969 Act is predicated on an entirely different legal theory from that on which potentially successful members of the class (seeking the $1,800 forgiveness, not backdating) would rely. Because Machella has not been injured "in the same way" as other members of the class, *Golden v. Local 55, International Association of Firefighters*, 633 F.2d 817, 824 (9th Cir. 1980), he lacks a sufficient nexus with the class to serve as its representative. "One may not represent a class of which he is not a part." *Wells v. Ramsay, Scarlett and Co.*, 506 F.2d 436, 438 (5th Cir. 1975). *See Johnson v. American Credit Co.*, 581 F.2d 526, 532 (5th Cir. 1978).

During the proceedings in the district court, Machella attempted to add Shirley Shaw as a party plaintiff by amending his own complaint. The district court refused to allow this intervention. Ms. Shaw has never appealed this denial. We, therefore, have no jurisdiction to consider whether the district court erred in denying her leave to intervene. *Bogus v. American Speech & Hearing Association*, 582 F.2d 277 (3d Cir. 1978). Machella's notice of appeal was not sufficient to serve as Ms. Shaw's notice. Because Machella was not aggrieved by the denial of Ms. Shaw's intervention, he has no standing to contest its rejection. *Burleson v. Coastal Recreation, Inc.*, 572 F.2d 509, 511 (5th Cir. 1978). The suggestion that the inclusion of "et al." after Machella's name in the notice of appeal constitutes an appeal by Ms. Shaw is without merit; it is elementary that, until or

unless the class is certified, a named plaintiff represents only himself. *See International Woodworkers of America v. Georgia-Pacific Corp.*, 568 F.2d 64, 66 (8th Cir. 1978).

Concluding that Machella's individual claims are meritless and that Machella cannot properly represent any of the three proposed classes, we AFFIRM the summary judgment entered in favor of the S.B.A.

AFFIRMED.