David E. ELLIS, et al., Plaintiffs,

v.

Joseph O'HARA, et al., Defendants.

No. 84–690C(1).

United States District Court,
E.D. Missouri, E.D.

April 12, 1985.

Arnold T. Phillips, Jr., St. Louis, Mo., for plaintiffs.

William E. Cornwell, Asst. Atty. Gen., Jefferson City, Mo., for defendants J. O'Hara, Div. of Fam. Serv., Dept. of Soc. Serv., P. Gordon, L. Merrill, J. O'Loughlin, G. Lewis, B. Zinn, J. Carnaghi, V. Sagyal,

L. Gotham, R. Degonia, J. Lacefield, K. Helmich and B. Blumental.

Nancie D. Aulgur, Asst. Atty. Gen., Jefferson City, Mo., for defendants Cathie Vanmatre and Raymond J. Grush.

William D. Kimme, Washington, Mo., for defendants 531 Wash. School Dist., Donald Northington and Sam Ferrell.

Denis C. Burns, St. Louis, Mo., for defendants Warren County R–3 School Dist., Wendell Roehrs and Eugene Buxton.

Brent W. Baldwin, St. Louis, Mo., for defendant R. Morley.

David A. Koester, St. Louis, Mo., for defendants Wendell Roehrs, Eugene Buxton and Warren County R–3 School Dist.

Margaret Keate, Asst. Atty. Gen., Jefferson City, Mo., for defendant Arthur Mallory.

## MEMORANDUM

NANGLE, Chief Judge.

This matter is now before this Court on plaintiffs' motion for class action certification pursuant to Rules 23(b)(1) and (b)(2). *Fed.R.Civ.P.* 23(b)(1), (b)(2). The parties submitted numerous briefs, documents and affidavits to this Court both in support of and in opposition to plaintiffs' motion. In addition, this Court heard testimony on plaintiffs' motion on December 27, 1984. Pursuant to Rule 23(c)(1), this Court makes the following findings of fact and conclusions of law.

### A. FINDINGS OF FACT

1. Plaintiffs David E. Ellis and Deneen Ellis are named parties to this action and now reside in the State of New Mexico.

2. Plaintiff Charles A. Bowles resides in the State of Missouri. He has three children who are educated at home for religious reasons.

3. Plaintiff Marcia Bowles is the wife of Charles Bowles. She has assumed the responsibility of educating her three children at home for religious reasons. Juvenile court proceedings have been instituted against the Bowles for educational neglect.

4. Plaintiff Families For Home Education (FHE) is a not-for-profit corporation, composed of approximately 400 families throughout the State of Missouri who maintain an interest in home education almost exclusively for religious reasons.

5. Saralee Rhoads is a director of FHE, and has personally undertaken the responsibility of educating her three children at home. She has been threatened with juvenile proceedings for educational neglect.

6. Audrey Taylor is the St. Louis area coordinator for FHE. She educates her children at home for religious reasons. She is aware of five families against whom juvenile proceedings have been instituted because they choose to educate their children at home. She knows of other families who have been threatened with such juvenile proceedings. Mrs. Taylor is not a named plaintiff to this lawsuit.

7. Plaintiffs have named twenty-nine separate defendants. These include the Missouri Division of Family Services, the Missouri Department of Social Services, the Commissioner of the Missouri Department of Elementary and Secondary Education, various employees and supervisors of the Missouri Department of Family Services, various juvenile officers of the circuit courts of Missouri, some state appointed guardians *ad litem* for several home educated children, two school districts and several school district officials.

8. Plaintiffs' complaint is in seventeen counts. They seek to have the Missouri compulsory education statute, § 167.031 R.S.Mo.1978, declared invalid, along with the statutes which provide for extensive investigation of parents engaged in home education when these parents are accused of educational neglect. Plaintiffs additionally seek to have the pattern of enforcement of said statutes declared unconstitutional. Plaintiffs request declaratory, injunctive and monetary relief. Plaintiffs' principle purpose in bringing this action is to clear the way for them to provide a religious based education for their children at home without undue intrusion by

government officials and without fear of educational neglect proceedings.

9. Plaintiffs seek certification of the following plaintiffs' class:

> Parents who choose to exercise their rights of religious liberty that are guaranteed in the first amendment and who offer their children at home an education that is Christ-centered and based on the Holy Bible, and who can be investigated or prosecuted by virtue of proceedings filed in state courts of competent jurisdiction by state officials who are delegated power by the Missouri compulsory school attendance laws that are challenged by the named plaintiffs.

10. In addition, plaintiffs seek certification of a defendants' class which they identify as follows:

> All juvenile officers, guardians *ad litem* appointed by juvenile courts, school officials, Division of Family Service employees, and local law enforcement officers who are delegated power under the challenged state statutes to utilize state courts to investigate parents who choose to offer their children at home an education that is Christ-centered and based on the Holy Bible.

11. The juvenile officer who was assigned to the Bowles' case testified that she became compelled to institute neglect proceedings against these particular plaintiffs because they denied her access to their teaching materials and provided her with no insight into their curriculum. Had she been afforded access to some of these materials or been apprised of the use of a prepared curriculum, she would not have instituted such proceedings.

12. In addition, Mrs. Marguerita Sweeney, the supervisor of the child abuse and neglect hot line which is operated by the Missouri Department of Family Services testified that she rarely receives reports of neglect against parents who provide Christian education for their children at home. In the year 1984, she received only five substantiated complaints of educational neglect.

## B. CONCLUSIONS OF LAW

Plaintiffs seek certification of a plaintiffs' class under Rules 23(b)(1) and 23(b)(2). *Fed.R.Civ.P.* 23(b)(1), (b)(2). They seek certification of the defendants' class under Rule 23(b)(2). *Fed.R.Civ.P.* 23(b)(2). In determining whether to certify a class, courts should not inquire into whether the plaintiffs state a cause of action or whether they will prevail on the merits; the essential issue is whether the plaintiffs establish the requirements of Rule 23. *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177, 94 S.Ct. 2140, 2152, 40 L.Ed.2d 732 (1974). Therefore, this Court will not delve into the merits of plaintiffs' claims for the purpose of determining whether a class action is appropriate. This Court further notes that plaintiffs maintain the burden of demonstrating that Rule 23 requirements are satisfied. *Bishop v. Committee on Professional Ethics and Conduct of the Iowa State Bar Assoc.,* 686 F.2d 1278, 1288 (8th Cir.1982).

### Plaintiffs' Class

The four prerequisites to any type of class action are found in Rule 23(a), and the first such prerequisite is "numerosity". Rule 23(a)(1) requires that "the class be so numerous that joinder of all members is impractical...." *Fed.R.Civ.P.* 23(a)(1). In evaluating whether this requirement is met, courts should consider such factors as the number of persons in the proposed class, the nature of the action, the size of the individual claims and the inconvenience of trying individual suits. *Paxton v. Union National Bank,* 688 F.2d 552, 559 (8th Cir.1982). Plaintiffs here have shown that FHE is composed of approximately 400 families who claim to be members of the class, and there are additional unidentified class members in the state. This Court concludes that a class consisting of over 400 families clearly is so numerous that joinder of its members is impractical. *See, e.g., Horn v. Associated Wholesale Grocers, Inc.,* 555 F.2d 270, 275–76 (10th Cir. 1977); *Arkansas Education Assoc. v. Board of Education, Portland, Arkansas*

**560**

School District, 446 F.2d 763, 765–66 (8th Cir.1971); *Esler v. Northrop Corp.*, 86 F.R.D. 20 (W.D.Mo.1979).

Defendants argue that plaintiffs have failed to establish that any of the 400 FHE members are members of the class as defined. Plaintiffs allege in their complaint and in their motion to certify the case as a class action that they are victims of bad faith on behalf of defendants and suffer from a chilling effect upon their constitutional rights. Defendants contend that plaintiffs' proof falls short of establishing such bad faith or chilling effect attributable to any of the parties. Defendants, however, confuse the merits of the plaintiffs' claims with the simple question of whether the class members are numerous enough to make their joinder impractical. *Paxton v. Union National Bank*, 688 F.2d at 560. Whether defendants actually engaged in bad faith or whether plaintiffs sustained a chilling effect upon their constitutional rights is a question of fact left for the trial on the merits.

Defendants further argue that the members of the purported class do not have standing to participate in the lawsuit. Plaintiffs allege that their members have a personal stake in the outcome of the controversy by defining the class as those parents "who choose to exercise their rights of religious liberty...." Yet defendants point out that the Supreme Court condemned classes composed of individuals whose only involvement in the case is a mere interest in the subject litigation. *Sierra Club v. Morton*, 405 U.S. 727, 733, 92 S.Ct. 1361, 1365, 31 L.Ed.2d 636 (1972). Defendants additionally argue in reliance upon *Laird v. Tatum*, 408 U.S. 1, 12–14, 92 S.Ct. 2318, 2325–2326, 33 L.Ed.2d 154 (1972), that plaintiffs' allegations of a subjective chill to their constitutional rights defeats the standing of the proposed class members. *Laird* is distinguishable from the question at hand, however, because the plaintiffs in that action could not articulate the harm which would result to them by the challenged governmental intrusion. In contrast, plaintiffs here specify the harm to which they are subject by defendants' ac-

tions. For these reasons, defendants' standing arguments must fail.

■ The second prerequisite to class action certification is the so-called "commonality" requirement, which requires a finding that "there are questions of law or fact common to the class...." *Fed.R.Civ.P.* 23(a)(2). This rule does not require that every question be common to the class, but merely that one or more significant questions of law or fact are common to the class. The requirement is usually satisfied when the class members' claims derive from a "common nucleus of operative facts." *Cohen v. Uniroyal, Inc.*, 77 F.R.D. 685, 690 (E.D.Pa.1977).

Plaintiffs assert that the following questions of law or fact are common to the class as a whole: 1) the constitutionality of the challenged Missouri statutes; 2) the bad faith and discriminatory pattern of enforcement of the statutes by defendants directed towards plaintiffs; 3) the chilling effect upon plaintiffs' fundamental rights; and 4) plaintiffs' right to educate their children without undue interference by state officials. Defendants argue that in fact, the only common question of law is the constitutionality of the challenged statutes on their face, and that a determination of this issue does not require certification of a class. In *Ihrke v. Northern States Power Co.*, 459 F.2d 566 (8th Cir.1972), the court held that no useful purpose would be served by class certification where the sole requested relief was declaratory because a favorable ruling to one plaintiff would provide effective relief to all members of the proposed class. In *Collins v. Marshall*, 507 F.Supp. 83, 84 (W.D.Mo.1981), the court summarily stated without discussion that class certification is unnecessary to injunctive relief having broad effect.

In this matter, however, plaintiffs seek declaratory, injunctive and monetary relief. Furthermore, plaintiffs seek more than a mere declaration as to the unconstitutionality of a statute. They request an alteration in defendants' conduct and in the method of enforcement of the various stat-

utes. They also seek clarification of the statutes. Furthermore, Rule 23(b)(2) speaks specifically of declaratory and injunctive relief. For these reasons, defendants' argument is inapplicable to the facts of this case.

Defendants additionally maintain that the commonality requirement is not met because each family represents a case unto itself, and must be reviewed individually. Defendants presented evidence at the hearing that under the Missouri statutes, all families wishing to educate their children at home must submit to investigations by various officials. At the time the lawsuit was filed, each family was investigated by the Division of Family Services officials from the particular county of its residence. Due to an amendment in the statute, families are now investigated by local school district employees, however. The decentralized system of enforcement of the statutes generates discrepancies in the implementation of said statutes. Defendants point out that the decision of the juvenile officer or corresponding local school district official to approve a particular home education curriculum is tailored to each child and each unique factual circumstance. Defendants also grasp on to plaintiffs' allegations that certain of their members are the victims of bad faith on behalf of various state and local officials. Defendants use these allegations to bolster their argument that the claims in the complaint must be considered on a case-by-case basis, and are too unique for class action consideration. While there may be some factual differences among the claims of the various plaintiffs, such differences are not fatal if some common questions of law are present. *Holsey v. Armour & Co.,* 743 F.2d 199, 217 (4th Cir.1984); *Coley v. Clinton,* 635 F.2d 1364, 1378 (8th Cir.1980); *Like v. Carter,* 448 F.2d 798 (8th Cir.1971). In the opinion of this Court, plaintiffs have set forth and established sufficient common questions of law and fact to meet the commonality requirement of Rule 23(a)(2). Plaintiffs have demonstrated their common desire to provide education for their children at home. This common question of

fact coupled with the allegation that a *pattern* of bad faith enforcement of the Missouri statutes abounds in the state, meets the requirements of Rule 23(a)(2).

■ The third prerequisite to class action certification is the so-called "typicality" requirement, and mandates a finding that "the claims or defenses of the representative parties are typical of the claims or defenses of the class...." *Fed.R.Civ.P.* 23(a)(3). To meet this requirement, the representatives of the class must show that their claims emanate from the same legal theory, remedial theory or offense as the persons they seek to represent in the action. *United States Fidelity & Guaranty Co. v. Lord,* 585 F.2d 860, 870 (8th Cir. 1978); *Esler v. Northrop Corp.,* 86 F.R.D. at 35. The *Esler* court defined the relevant inquiry as follows: "Do the parties seeking to represent the class have claims or defenses which are not shared by the proposed class members?"

■ Defendants argue that none of the claims of the proposed representatives meets the typicality requirement. The first named representatives are David and Deneen Ellis. These plaintiffs have moved from the State of Missouri, and thus are no longer subject to the Missouri compulsory education statutes. It is well settled that parties who are no longer subject to challenged regulations or statutes cannot fairly represent a class. *Alexander v. Yale University,* 631 F.2d 178 (2nd Cir.1980); *Boyle v. Madigan,* 492 F.2d 1180, 1182 (9th Cir. 1974); *Conover v. Montemuro,* 477 F.2d 1073, 1081 (3rd Cir.1973). Consequently, this Court will not allow the Ellises to proceed as representatives of the class in this action.

■ Mrs. Audrey Taylor testified that she serves as the St. Louis area coordinator for FHE and educates her children at home. She expressed a desire to replace the Ellises as a class representative at the hearing. No formal motion has been made by her or on her behalf to serve as a named representative, however. Until such motion is made, this Court shall not confirm

Mrs. Taylor's informal application for representative status.

Plaintiffs seek to have FHE serve as a class representative as well. Plaintiffs produced evidence that the FHE is composed of Christians who are subject to the Missouri compulsory education laws, and who are desirous of educating their children at home for religious reasons. An organization may serve as a class representative, *International Woodworkers of America v. Georgia-Pacific Corp.*, 568 F.2d 64, 66–67 (8th Cir.1977); *Resident Advisory Board v. Rizzo*, 425 F.Supp. 987, 1010 (E.D.Pa.1976). It is of no consequence that not every member of FHE educates his or her child at home, as long as the Court is convinced that the organization will serve the interests of those it purports to represent in the litigation. *International Woodworkers*, 568 F.2d at 67.

Defendants argue that no evidence was presented that any FHE members have been prevented from educating their children at home or have been subject to educational neglect proceedings. They thus maintain that the FHE claims are not typical of the class. Saralee Rhoads, a director of FHE, however, testified that she has been threatened with juvenile neglect proceedings. Furthermore, most of the proposed class members are simultaneously members of FHE. Given the relationship between FHE and the prospective class, the claims of the former are certainly typical of the class.

Finally, Charles and Marcia Bowles have expressed their desire to serve as class representatives. The Bowles educate their children at home for religious reasons, and are currently in the midst of juvenile neglect proceedings. Defendants challenge the Bowles' request for class representative status through the testimony of defendant Cathy Van Matre, the juvenile officer for the county in which the Bowles reside. In the eleven years in which Ms. Van Matre has held her position, only five families within her jurisdiction have inquired about home education. She explained her recommendation that education-

al neglect proceedings be instituted against the Bowles because they did not provide her with a curriculum or access to any of their teaching materials. She testified that had she been aware of the Bowles' participation in a particular standardized Christian curriculum or been adequately assured that their children were receiving a satisfactory education at home, she would not have pursued the proceedings. Defendants argue that because of their refusal to cooperate with government officials, the Bowles became deserving of the proceedings. Defendants further maintain that the Bowles' actions constitute a defense to the allegations of bad faith harassment on behalf of defendants. Said defense is unique to the Bowles and should preclude them from serving as class representatives.

Although courts should certainly consider unique defenses applicable to particular class representatives, the purpose of the typicality requirement is to insure that the representative does not hold a substantial conflict between himself and the other members of the class over the very issue in litigation. *Mersay v. First Republic Corp. of America*, 43 F.R.D. 465, 468 (S.D.N.Y. 1968). The alleged unique defenses applicable to the Bowles are not in any way antagonistic to or in conflict with the interests of the class. The Bowles' lack of cooperation may defeat their individual claims, just as other plaintiffs' rights to recover may be defeated by other defenses. *See Machella v. Cardenas*, 653 F.2d 923 (5th Cir.1981); *Zeffiro v. First Pennsylvania Banking & Trust Co.*, 96 F.R.D. 567, 570 (E.D.Pa.1983). Defendants' argument relates to individual substantive disputes that should await trial. Plaintiffs should not be required to prove each and every element of their individual claims. *Mersay v. First Republic Corp. of America*, 43 F.R.D. at 469. *See also* 7 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 1764 at 614 (1972). This Court does not perceive the claims or defenses of the Bowles as being atypical of or antagonistic to those of the remaining class mem-

bers. Accordingly, the Bowles are proper representatives of the class as well.

 The fourth and final prerequisite to class certification is adequacy of the class representative. Rule 23(a)(4) requires a showing by plaintiff that it "will fairly and adequately protect the interests of the class." *Fed.R.Civ.P.* 23(a)(4). The two areas of inquiry with respect to this prerequisite are: 1) whether the class representatives have common interests with the members of the class, and 2) whether the class representatives will vigorously prosecute the interests of the class through qualified counsel. 7 C. Wright & A. Miller *Federal Practice and Procedure: Civil* § 1765 at 619–20 (1972). As demonstrated in the typicality discussion, there is little question that the representative plaintiffs maintain common interests which coincide with those of the members of the class. Defendants do not contend otherwise.

With respect to the adequacy of counsel, plaintiffs' attorney asserts that he has assistance from a law professor. Defendants do not challenge counsel's competency, nor will this Court declare counsel incompetent to prosecute the instant lawsuit. Therefore, all the elements of Rule 23(a) have been met to this Court's satisfaction.

 In addition to establishing all the elements of Rule 23(a), an action may be maintained as a class only if Rule 23(b) requirements are satisfied, as well. Plaintiffs have requested certification under Rule 23(b)(1) or 23(b)(2). Under Rule 23(b)(2), a class action is maintainable when "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole...." *Fed.R.Civ.P.* 23(b)(2). Plaintiffs have not specifically referred in their motion to the elements of Rule 23(b)(1) certification nor have they pursued this form of certification. Thus, this Court shall limit its consideration to the elements of Rule 23(b)(2).

Courts have held that the (b)(2) requirement is met when the party opposing the class has acted in a consistent manner towards members of the class so the actions may be viewed as part of a pattern of activity. 7 C. Wright & A. Miller *Federal Practice and Procedure: Civil*, § 1775 at 19 (1972). In *Jones v. Blinziner*, 536 F.Supp. 1181, 1190 (N.D.Ind.1982), the court held that the requirements of Rule 23(b)(2) were met when plaintiffs alleged the adoption of general policies by governmental defendants were applied to the plaintiffs in general. This Court deems plaintiffs' challenge to the Missouri statutes, coupled with the alleged pattern of harassment and bad faith enforcement of said statutes to meet the (b)(2) requirements. Accordingly, plaintiffs have established all the elements for certification of their proposed class under Rule 23(b)(2).

### Defendants' Class

 Finally, plaintiffs seek certification of a defendants' class under Rule 23(b)(2), made up of:

All juvenile officers, guardians *ad litem* appointed by juvenile courts, school officials, Division of Family Service employees, and local law enforcement officers who are delegated power under the challenged state statutes to utilize state courts to investigate parents who choose to offer their children at home an education that is Christ-centered and based on the Holy Bible.

The prerequisites for defendant class certification are the same as those applicable to plaintiff certification. *Stewart v. Winter*, 87 F.R.D. 760, 770 (N.D.Miss.1980), *aff'd* 669 F.2d 328 (5th Cir.1982); *Coniglio v. Highwood Services, Inc.*, 60 F.R.D. 359, 363–64 (W.D.N.Y.1972).

This Court holds that the typicality requirement for the defendant class certification is lacking herein. Under the facts of the case, the various juvenile officers, for example, are responsible for performing their duties within their limited jurisdictions. Such juvenile officers are by no means responsible for investigating individuals outside of their jurisdiction. The same

holds true for the other categories of defendants. In *LaMar v. H & B Novelty & Loan Co.*, 489 F.2d 461 (9th Cir.1973), the court held that plaintiffs were not entitled to bring a class action against defendants with whom they had no dealing. *Id.* at 464. Likewise in *Thillens, Inc. v. Community Currency Exchange Assoc. of Illinois, Inc.*, 97 F.R.D. 668, 675 (N.D.Ill.1983), the court found that a defendant class was improper unless each named plaintiff had a claim against each defendant class member. *See also In re Gap Store Securities Litigation*, 79 F.R.D. 283, 293–95 (N.D.Cal. 1978). Plaintiffs have not even attempted to assert that the Bowles, for example, have a claim against each member of the defendant class. For this reason alone, plaintiffs have failed to establish each of the prerequisites necessary for certification of a defendants' class.

Plaintiffs further did not present any evidence regarding the composition of the defendants' class and have not assured the Court that defendants' due process rights will be protected upon certification of the class. The defendants' class, therefore, will not be certified.

### ORDER

Pursuant to the memorandum filed herein this day,

IT IS HEREBY ORDERED that the motion of plaintiffs for certification of a plaintiffs' class be and is granted.

IT IS FURTHER ORDERED that the class shall consist of "Parents who reside in Missouri and who choose to exercise their rights of religious liberty that are guaranteed in the first amendment and to offer their children at home an education that is Christ-centered and based on the Holy Bible, and who can be investigated or prosecuted by virtue of proceedings filed in state courts of competent jurisdiction by state officials who are delegated power by the Missouri compulsory school attendance laws that are challenged by the named plaintiffs."

IT IS FURTHER ORDERED that the Families For Home Education and Charles

and Marcia Bowles shall serve as class representatives.

IT IS FURTHER ORDERED that the motion of plaintiffs for certification of a defendants' class be and is denied.