CITY OF DAWSON *v.* COLUMBIA AVENUE SAVING FUND, SAFE DEPOSIT, TITLE AND TRUST COMPANY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF GEORGIA.

No. 154.   Argued January 26, 27, 1905.—Decided March 27, 1905.

An arrangement of parties which is merely a contrivance between friends to found jurisdiction on diverse citizenship in the Circuit Court will not avail, and when it is obvious that a party who is really on complainant's side has been made a defendant for jurisdictional reasons, and for the purpose of reopening in the United States courts a controversy already decided in the state courts, the court will look beyond the pleadings and arrange the parties according to their actual sides in the dispute.

The wrongful repudiation of, and refusal to pay, a contract debt by a city may amount merely to a naked breach of contract, and in the absence of any legislative authority affecting the contract or on which the refusal to pay is based, the mere fact that the city is a municipal corporation does not give to its refusal the character of a law impairing the obliga-

tion of contracts or depriving a citizen of property without due process of law, and give rise to a suit under the Constitution of the United States within the jurisdiction of the Circuit Court.

THE facts are stated in the opinion.

*Mr. Charles A. Douglass* and *Mr. Dupont Guerry*, with whom *Mr. Homer Guerry* was on the brief, for appellant.

*Mr. Olin J. Wimberly*, with whom *Mr. John I. Hall* was on the brief, for appellee.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a bill in equity brought in the Circuit Court by the appellee, the Trust Company, as mortgagee of the Dawson Water Works Company, to restrain the city of Dawson from taking measures to build a new set of water works, and to compel it specifically to perform a contract made with the Water Works Company in 1890 to pay that company or its mortgagee a certain sum for the use of its water for twenty years. The Trust Company is a Pennsylvania corporation, and the only ground of jurisdiction for the bill as originally filed was diversity of citizenship. The bill, after stating the contract, set up a formal repudiation of the same by the city on June 27, 1894, refusals to pay for the water from that time, and attempts to collect taxes which by the contract were to be satisfied by the furnishing of water, but alleged a continued use of the water by the city. It further stated the calling of an election for December 12, 1894, to see if the city should issue bonds to erect or buy water works or electric lights, a vote in favor of the issue, an issue of ten thousand dollars for the erection of an electric light plant, and a present intent to sell the residue for the purpose of erecting new water works. It also alleged that the Water Works Company, recognizing the plaintiff's right to be paid the rentals for the water in the events which had happened, which had made the Water Works

Company unable to pay the interest on the mortgage, had yielded to the plaintiff's demand that it should collect the rentals, and that the plaintiff had notified the city and had made demand, but that the city refused to pay. Other details are immaterial. The Water Works Company was made a party defendant and was served with process. An answer was served, although not filed, by the defendants other than the Water Works Company, setting up among other things that the Water Works Company was the real plaintiff, and was made defendant solely to avoid the effect of a decision by the Supreme Court of the State in a suit by the Water Works Company against the city to the effect that the contract relied on was void. 106 Georgia, 696. The answer on this ground denied the jurisdiction of the court. After service of this answer the bill was amended so as to allege that the acts of the city impaired the obligation of its contract, and deprived the plaintiff of its property without due process of law, contrary to the Constitution of the United States. A prayer was added also that the Water Works Company be decreed to perform its contract with the city, that thereby the rights of bondholders might be saved. The further proceedings do not need mention. They ended in a decree in accordance with the prayer, and the city appealed to this court. *Davis & Farnum Mfg. Co. v. Los Angeles*, 189 U. S. 207, 216.

We are of opinion that the bill should have been dismissed for want of jurisdiction. The Water Works Company is admitted to have been a necessary party, and it, like the defendant city, was a Georgia corporation. It was made a defendant, but the court will look beyond the pleadings and arrange the parties according to their sides in the dispute. When that is done it is obvious that the Water Works Company is on the plaintiff's side and was made a defendant solely for the purpose of reopening in the United States Court a controversy which had been decided against it in the courts of the State. There was a pretense of asking relief against it, as we have stated, but no foundation for the prayer was laid in the allegations

of the bill.   On the contrary, it appears from those allegations that the Water Works Company insisted on its contract with the city, and did everything in its power to carry the contract out.   It also recognized the plaintiff's right to receive the rentals and yielded to its demand.   No difference or collision of interest or action is alleged or even suggested.   If we assume that the plaintiff is more than an assignee of the city's contract to pay, which we do not intimate, still, when the arrangement of the parties is merely a contrivance between friends for the purpose of founding a jurisdiction which otherwise would not exist, the device cannot be allowed to succeed. See *Removal Cases,* 100 U. S. 457, 469; *Hawes* v. *Oakland,* 104 U. S. 450, 453; *Detroit* v. *Dean,* 106 U. S. 537, 541; *Doctor* v. *Harrington,* 196 U. S. 579.   Act of March 3, 1875, c. 137, § 5. 18 Stat. 470.

The attempt by an afterthought to give jurisdiction by setting up constitutional rights must fail also.   The bill presents a naked case of breach of contract.   The first step of the city was to repudiate the contract and to refuse to pay. Whatever it may have done subsequently, its wrong, if, contrary to the decision of the Supreme Court of the State, there was a wrong, was complete then.   The repudiation and refusal were kept up until the bill was filed and the other acts were subsequent, subordinate to and in aid of them.   The mere fact that the city was a municipal corporation does not give to its refusal the character of a law impairing the obligation of contracts or deprive a citizen of property without due process of law.   That point was decided in *St. Paul Gas Light Co.* v. *St. Paul,* 181 U. S. 142, 150.

Undoubtedly the decisions on the two sides of the lines are very near to each other.   But the case at bar is governed by the one which we have cited and not by *Walla Walla* v. *Walla Walla Water Co.,* 172 U. S. 1, which is cited and distinguished in *St. Paul Gas Light Co.* v. *St. Paul.*   In *Vicksburg Water-Works Co.* v. *Vicksburg,* 185 U. S. 65, the city had made a contract with the water works company, and afterwards a

law was passed authorizing the city to build new works. The city, acting under this law, denied liability, and took steps to build the works, whereupon the water works company filed its bill, alleging the law to be unconstitutional. The bill was held to present a case under the Constitution. In the case before us there was no legislation subsequent to the contract, and it is not even shown that there is color of previous legislation for the city's acts. Those acts are alleged to be unlawful, and the allegation would be maintained by showing that they were not warranted by the laws of the State. See *Hamilton Gas Light Co.* v. *Hamilton City,* 146 U. S. 258, 266; *Lehigh Water Co.* v. *Easton,* 121 U. S. 388, 392. We repeat that something more than a mere refusal of a municipal corporation to perform its contract is necessary to make a law impairing the obligation of contracts or otherwise to give rise to a suit under the Constitution of the United States. The decree of the Circuit Court must be reversed and the cause remanded with instructions to dismiss the bill. *Newburyport Water Co.* v. *Newburyport,* 193 U. S. 561, 576.

*Decree reversed.*

Mr. Justice Brewer and Mr. Justice McKenna dissented.

Mr. Justice White, not having been present at the argument, took no part in the decision.