**IKELER et al. v. DETROIT TRUST CO. et al.**

**No. 7644.**

District Court, E. D. Michigan, S. D.

June 17, 1941.

Lucking, VanAuken & Sprague, of Detroit, Mich., for plaintiffs.

Miller, Canfield, Paddock & Stone, of Detroit, Mich., for defendants.

PICARD, District Judge.

The facts in this case can be found in Farr v. Detroit Trust Co., 6 Cir., 116 F.2d 807, and Ikeler v. Detroit Trust Co., D. C., 30 F.Supp. 643. Following the decision of the Court of Appeals, defendants moved to dismiss the entire litigation claiming lack of jurisdiction in this court on four grounds:

First, that the joinder of Everett Farr, Fannie C. Miller, and John C. Ellsworth, as plaintiffs, residents of Michigan, destroyed jurisdiction;

Second, that Farr and additional plaintiffs are necessary or indispensable parties and being residents of Michigan cannot pursue an action against other residents of Michigan;

Third, the intervention of the other plaintiffs introduced new issues; and

Fourth, defendant Farr must be re-aligned as a party plaintiff, and because he is such, and a resident of Michigan, this court has no jurisdiction.

■ This court has examined the pleadings which includes the answer of defendant Farr, and after striking out the entire counterclaim as filed, we find they still leave defendant Farr on the side of plaintiffs—agreeing with them in everything they say and asking that they be given certain relief. It is apparent to this court, as it was to the Court of Appeals in Farr v. Detroit Trust Company, supra, that the entire object of the assignment of any of Farr's interest to his daughter was so that suit could be started in the Federal Court and that Farr could be a party. That there has been "collusion" for this purpose has not been strenuously denied by plaintiffs, and while it has already been pointed out in Ikeler v. Detroit Trust Co., supra, that there is no objection to a bona fide assignment for the purpose of creating jurisdiction in the Federal Court, yet there cannot and should not be an attempt to hold back part of the property assigned in order to profit by the result of the assignment originally made for the purpose of bringing the matter under a Federal Court's jurisdiction. This would be an improper collusion of parties and violates 28 U.S.C.A. § 80 (Judicial Code, section 37).

However, we do not find it necessary to go beyond the decision of Farr v. Detroit Trust Co., supra, because in examining the pleadings we cannot find where Merton E. Farr is alleged by plaintiffs to have done anything wrong. True he is a member of the Syndicate where the fire started, but he is the only member of that Syndicate of which there are 25 or 30, who is sued as such. No relief is sought against him because of that membership. He was undoubtedly joined so he could put in his counter-claim and that counter-claim has now been eliminated, but the answer filed by Merton E. Farr to the bill of complaint still places him on the side of plaintiffs.

What Ikeler or Mrs. Gerhauser could have done we do not decide, and this court believes that perhaps she may have had some remedy, but in the case at bar we are confronted by City of Dawson v. Columbia Trust Company, 197 U.S. 178–180, 25 S. Ct. 420, 422, 49 L.Ed. 713, which holds that when "the arrangement of the parties is merely a contrivance between friends for the purpose of founding a jurisdiction which otherwise would not exist, the device cannot be allowed to succeed."

This court did not make Farr a defendant, and it must be noted that we are not passing upon whether he is or is not a necessary party. Yet the fact remains that Farr was made a defendant by the plaintiffs and under the decisions it is mandatory for us to align him on the side on which he belongs. Lee v. Lehigh Valley Coal Company, 267 U.S. 542, 543, 45 S.Ct. 385, 69 L.Ed. 782; Farr v. Detroit Trust Co., supra.

■ Furthermore, our courts hold that the: "pleader's arrangement of the parties is not conclusive on the court. The court must look into the real facts and in considering the jurisdictional questions, will rearrange the parties according to the nature of the controversy." [116 F.2d 811.] Harter Tp. v. Kernochan, 103 U.S. 562, 565, 26 L.Ed. 411; City of Dawson v. Colum-

bia Trust Company, 197 U.S. 178, 180, 25 S.Ct. 420, 49 L.Ed. 713.

The plaintiffs rightly or wrongly have made Farr a defendant, and our Circuit Court of Appeals having ruled that he should have been made plaintiff, we must apply the rule that where: "there is no diversity of citizenship between the parties on opposite sides of the controversy, the suit will be dismissed." Niles-Bement-Pond Company v. Iron Molders' Union, 254 U.S. 77, 41 S.Ct. 39, 65 L.Ed. 145.

We therefore grant the motion to dismiss.