**KNAUS TRUCK LINES, Inc. v. MAIR et al.**

**Civ. No. 1621.**

United States District Court
D. Minnesota, Third Division.

July 26, 1949.

The above cause came on for trial before the Court with a jury. After certain evidence had been introduced, the parties in open court stipulated that trial by jury be waived and that the matter be submitted to the Court. Thereupon, the jury was discharged and the trial was concluded before the Court.

Clarence O. Holten and James S. Eriksson, of Minneapolis, Minn., for plaintiff.

Bellamy & Eastman, of Rapid City, S. D., for defendant Buckingham Transp. Co.

Donald B. Smith, Moritz J. Blomquist, and I. E. Krawetz, of St. Paul, Minn., for defendants Meredith D. Mair, James Mair, and Richard H. Donaldson.

NORDBYE, Chief Judge.

Plaintiff brings this action for specific performance. The jurisdiction of the Court is invoked on the grounds of diversity of citizenship and that the amount in controversy exceeds the jurisdictional requirement. Plaintiff is a citizen of Missouri and the defendants are citizens of Minnesota. Plaintiff seeks to have specifically performed a certain agreement wherein the defendants Meredith D. Mair, James Mair, and Richard H. Donaldson granted to the plaintiff and the defendant Buckingham Transportation Co. an option to buy certain real estate. The defendants Mairs and Donaldson admit the giving of the option, but assert various defenses including the defense that the original option was later modified to include additional land and structures. However, while admitting the giving of the modified option to Knaus Truck Lines and Buckingham Transportation Co., the Mairs and Donaldson contend that the optionees have no rights under either option.

It appears from the pleadings that, before the action was commenced, both Knaus Truck Lines and Buckingham Transportation Co. served separate notices on the Mairs and Donaldson, and on each

other, in which each gave notice of the exercise of the so-called original option which was the subject of the suit when it was instituted. In its complaint, plaintiff offered to pay the entire purchase price required by the option, or if Buckingham Transportation Co. desired to participate in the purchase, to pay one-half of the purchase price. In Buckingham's answer and cross-bill, it stated that it desired to participate in the purchase and offered to pay its one-half share of the purchase price. Further, that it had exercised its option "by giving notice prescribed in said agreement which notice was given to the above named defendants and the above named plaintiff and with respect thereto defendant Buckingham Transportation Co. gave notice to the plaintiff of its intention pursuant to said agreement of joining with said plaintiff in the purchase of said property." When the Mairs and Donaldson asserted that the original option had been modified to include additional land and structures, both Knaus and Buckingham amended their pleadings so as to request specific performance of the modified option in the event the Court found that a valid and legal modification of the original option had taken place.

It seems obvious, therefore, that there is no controversy between Knaus and Buckingham. They are seeking common and joint relief against the Mairs and Donaldson, as they were authorized to do under their option agreements. Both Knaus and Buckingham are in accord that they have a valid option and that they have exercised their joint rights thereunder. Both seek specific performance of the option contract, either the original or as modified, with each paying one-half of the option price, as the option permits. There is no conflict between the interests of Knaus and Buckingham. Their interests are identical. In view of the way the pleadings are now framed, plaintiff seeks no relief whatsoever against Buckingham.

None of the parties raised the question of jurisdiction during the trial and the briefs submitted are entirely silent on that question. However, this Court has the duty to arrange the parties on one side or the other as their interests may require in order to determine whether it has jurisdiction of this controversy. In other words, the question of diversity of citizenship is to be determined by the real interest of the parties and not on the alignment of the parties in the complaint. The Court has the duty to realign the parties according to their sides in the dispute. Therefore, Buckingham must be aligned with Knaus, seeking joint relief against the Mairs and Donaldson. The only questions in the lawsuit are: What rights and obligations in equity do Knaus and Buckingham have under the original or under the so-called modified option, or under both options? The rights and obligations of these parties under these options are identical, and the relief, if any, to be granted to them would be identical. No relief whatsoever will be granted Knaus as against Buckingham, nor to Buckingham as against Knaus. Under such circumstances, upon realignment we find that we have citizens of Minnesota on opposite sides; that is, Buckingham Transportation Co. is a citizen of Minnesota and the Mairs and Donaldson are likewise citizens of this State. It must follow, therefore, that diversity of citizenship is lacking and Federal jurisdiction is wanting.

The Supreme Court recently has had occasion to reiterate the duty of the lower Federal courts to realign the parties as their interests may appear, stating in City of Indianapolis v. Chase National Bank, 314 U.S. 63, 69, 62 S.Ct. 15, 17, 86 L.Ed. 47, "* * * To sustain diversity jurisdiction there must exist an 'actual', Helm v. Zarecor, 222 U.S. 32, 36, 32 S.Ct. 10, 11, 56 L.Ed. 77, 'substantial', Niles-Bement-Pond Co. v. Iron Moulders' Union, 254 U.S. 77, 81, 41 S.Ct. 39, 41, 65 L.Ed. 145, controversy between citizens of different states, all of whom on one side of the controversy are citizens of different states from all parties on the other side. Strawbridge v. Curtiss, 3 Cranch 267, 2 L.Ed. 435. Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who defendants. It is our duty, as it is that of the lower federal courts,

to 'look beyond the pleadings, and arrange the parties according to their sides in the dispute'. City of Dawson v. Columbia Ave. Saving Fund, Safe Deposit, Title & Trust Co., 197 U.S. 178, 180, 25 S.Ct. 420, 421, 49 L.Ed. 713."

The views expressed in the Indianapolis case and the result in that appeal leave this Court with no alternative but to dismiss on its motion this proceeding for the reason that federal jurisdiction is lacking. A dismissal for want of jurisdiction without prejudice and without costs may be entered. It is so ordered. An exception is allowed.