CONTINENTAL ILLINOIS NATIONAL BANK AND TRUST COMPANY OF CHICAGO, as Executor under the Will of J. Theodore Fish, also known as Joseph Theodore Fish

v.

Ralph Milton FISH also known as Milton Fish and as R. Milton Fish, and George R. Scammon, as Executor under the Will of Ralph B. Fish.

Civ. A. No. 2713.

United States District Court
D. New Hampshire.

March 30, 1967.

Boynton, Waldron & Dill, Richard E. Dill, Portsmouth, N. H., for plaintiff.

Flynn, Powell & McGuirk, Russell H. McGuirk, Portsmouth, N. H., for defendant Ralph Milton Fish.

John B. Ford, Salem, N. H., for defendant George R. Scammon, as executor under the Will of Ralph B. Fish.

## ORDER ON MOTION BY DEFENDANT FISH TO DISMISS FOR LACK OF JURISDICTION

CONNOR, District Judge.

In this action, the plaintiff, Continental Illinois National Bank and Trust Company of Chicago (hereinafter referred to as Continental), executor under the will of J. Theodore Fish, alleges that defendant R. Milton Fish, brother of plaintiff's decedent, wrongfully appropriated to his own use certain stocks and/or bonds which his father, Ralph B. Fish, owned. J. Theodore Fish predeceased his father, Ralph B. Fish, who is now dead. The plaintiff alleges that the will of Ralph B. Fish provides as follows: a one-half share of the residuary estate of Ralph B. Fish is to be paid over to the executor of the will of J. Theodore Fish or to the administrator of his estate and the share shall then be distributed by his executor or administrator. The plaintiff, as executor under the will of J. Theodore Fish, seeks recovery, for the use of the Ralph B. Fish estate, of the wrongfully appropriated stocks and/or bonds or the value thereof at the time of the alleged wrongful appropriation, together with all accrued and subsequent dividends, rights and interests thereon and the cash equivalent of any loss or losses in value of said stocks or bonds.

The plaintiff further alleges that defendant George R. Scammon is the duly appointed executor of the will of Ralph B. Fish and that Scammon is joined as a party defendant because he chose neither to bring this proceeding nor to join as a party plaintiff after having been informed of the facts upon which the complaint is based.

In the instant motion, defendant R. Milton Fish contends that although Scammon is joined as a defendant, said Scammon must be realigned as a party plaintiff to reflect his real interest in this action. If such a realignment is made, it would destroy the diversity jurisdiction of this court since both Scammon and R. Milton Fish are citizens of New Hampshire.

In City of Indianapolis v. Chase National Bank, 314 U.S. 63, 69–70, 62 S.Ct. 15, 17, 86 L.Ed. 47 (1941), a case involving the problem of party alignment, Justice Frankfurter stated:

* * * Though variously expressed in the decisions, the governing principles are clear. To sustain diversity jurisdiction there must exist an "actual", Helm v. Zarecor, 222 U.S. 32, 36, 32 S.Ct. 10, 11, 56 L.Ed. 77 "substantial", Niles-Bement-Pond Co. v. Iron Moulders Union, 254 U.S. 77, 81, 41 S.Ct. 39, 41, 65 L.Ed. 145, controversy between citizens of different states, all of whom on one side of the controversy are citizens of different states from all parties on the other side. Strawbridge v. Curtiss, 3 Cranch 267, 2 L.Ed. 435. Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who defendants. It is our duty, as it is that of the lower federal courts, to "look beyond the pleadings, and arrange the parties according to their sides in the dispute". Dawson v. Columbia Ave. Sav. Fund Safe Deposit, Title & Trust Co., 197 U.S. 178, 180, 25 S.Ct. 420, 421, 49 L.Ed. 713. Litigation is the pursuit of practical ends, not a game of chess. Whether the necessary "collision of interests", Dawson v. Columbia Ave. Sav. Fund Safe Deposit, Title & Trust Co., supra, 197 U.S. 25 S.Ct. at page 421, 49 L.Ed. 713 at 181, exists, is therefore not to be determined by mechanical rules. It must be ascertained from the "principal purpose of the suit", East Tennessee, etc., Railroad Co. v. Grayson, 119 U.S. 240, 244, 7 S.Ct. 190,

192, 30 L.Ed. 382, and the "primary and controlling matter in dispute", Merchants' Cotton-Press Co. v. Insurance Co., 151 U.S. 368, 385, 14 S.Ct. 367, 373, 38 L.Ed. 195. These familiar doctrines governing the alignment of parties for purposes of determining diversity of citizenship have consistently guided the lower federal courts and this Court. [Footnotes omitted.]

Moore states: "If the parties are not properly aligned, as where one party is made a defendant when in truth and in fact he is not adverse to the plaintiff, or vice versa, the court will realign the parties according to their interest before determining diversity." 3 Moore § 19.-03, p. 2105.

 In view of the principles set forth above, the Court is of the opinion that George Scammon must be realigned as a party plaintiff. Any recovery which may result in this case will, in the first instance, inure to the benefit of the Ralph B. Fish estate, of which Scammon is the executor. Both Scammon, as executor under the will of Ralph B. Fish, and Continental, as executor under the will of J. Theodore Fish, an alleged beneficiary of the Ralph B. Fish estate, have the same interests in this action, namely, to recover for the estate of Ralph B. Fish any stocks or bonds wrongfully appropriated from Ralph B. Fish by R. Milton Fish.

During the hearing on this motion, no facts were brought to the Court's attention to indicate the existence of adverse interests between Scammon and Continental. In his answer to the complaint, Scammon admits that he is aware of the alleged forgery and states that he did not join as plaintiff when this suit was brought because he preferred to conduct further investigation. In his prayer for relief, Scammon asks that, as executor under the will of Ralph B. Fish, he be joined as a party plaintiff. There is nothing in the answer of Scammon to indicate an interest adverse to that of Continental.

Therefore, George Scammon must be realigned as a party plaintiff. Since Scammon is a resident of New Hampshire and since R. Milton Fish is also a resident of New Hampshire, diversity no longer exists.

The case is hereby dismissed for lack of jurisdiction over the subject matter.