**MISSOURI–KANSAS–TEXAS
RAILROAD COMPANY, a
corporation, Plaintiff,**

v.

**Harmon A. EARLY et al., Defendants,**

**and**

**Energy Transportation Systems, Inc., a
corporation, Proposed Intervenor.**

No. 76–228–C.

United States District Court,
E. D. Oklahoma.

Feb. 2, 1977.

Dallas E. Ferguson, William C. Anderson, Tulsa, Okl., for plaintiff.

John H. Tucker, Tulsa, Okl., for proposed intervenor.

Gordon Watts, pro se.

Andrew Wilcoxen, Muskogee, Okl., for defendants Rosa Bean, Guy A. and Betty Lee Deem, Bessie Lemons, Oscar Jones, Madeline Jones, and First National Bank and Trust Co. of Tulsa, Oklahoma.

R. Jay Cook, Muskogee, Okl., for all the Haworths.

A. Carl Robinson, Muskogee, Okl., for A. Henton and the Allens.

Earl Youree, Wagoner, Okl., for all the Earlys, pro se, A. Camp Bonds, Cornine Yochum, and Eugene Clough.

## ORDER

DAUGHERTY, District Judge.

Upon consideration of Plaintiff's Motion For Leave To File Amended Complaint And Brief In Support Thereof and the Amended Complaint submitted therewith, the Court rules thereon as follows:

1. The Motion should be granted and Plaintiff allowed to file an Amended Complaint herein. Rule 15(a), Federal Rules of Civil Procedure. The Clerk is ordered to file Plaintiff's Amended Complaint herein this date.

2. By said Motion and Amended Complaint the Plaintiff desires to dismiss against original named Defendants Billy Early, Fannie Henton, D. A. Henton, Elsa Watts, George W. Lemons, Gertrude Jones, Margaret Woods, Denver Cornine, Brice Willis and Ruth Marie Clough, claiming they were improperly joined. Treating this part of the Motion as one to drop said parties above named as Defendants herein pursuant to Rule 21, Federal Rules of Civil Procedure, the same should be granted and said parties dropped as Defendants herein. By dropping said parties Defendant above named rather than dismissing Plaintiff's action against them it is not necessary for the Court to consider terms and conditions as would be required herein for dismissal per Rule 41(a)(2), Federal Rules of Civil Procedure.

3. By its Amended Complaint Plaintiff names Energy Transportation Systems, Inc., as a Proposed Intervenor claiming that the Court has not yet ruled on the Motion to Intervene filed herein by Energy Transportation Systems, Inc. This assertion by Plaintiff is incorrect. The Court by Order filed herein on January 5, 1977 granted the Motion to Intervene filed herein by Energy Transportation Systems, Inc. In these cir-

cumstances the Court now aligns Energy Transportation Systems, Inc., as a Defendant in Plaintiff's Amended Complaint. Rule 20, Federal Rules of Civil Procedure; *Dawson v. Columbia Ave. Sav. Fund, S. D. Title & T. Co.,* 197 U.S. 178, 25 S.Ct. 420, 49 L.Ed. 713 (1905); *Indianapolis v. Chase National Bank,* 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 48 (1941).

4. The Court notes that certain Defendants have requested affirmative relief in the form of declaratory judgments in their Answers and have not properly asserted the same as a Counterclaim. Rule 13, Federal Rules of Civil Procedure. One Defendant has improperly designated a request for a declaratory judgment as a Cross-Claim. Rule 13(g), Federal Rules of Civil Procedure.

5. The Defendants named in Plaintiff's Amended Complaint will answer same within 20 days from the date hereof. This includes Energy Transportation Systems, Inc., aligned as a Defendant. Any Defendant seeking affirmative relief against the Plaintiff will do so by way of a Counterclaim against Plaintiff to which Plaintiff will reply within 20 days after service. Rule 12(a), Federal Rules of Civil Procedure.