W.O.A., INC., Jewel Morris and Howard Gentry, Plaintiffs,

v.

CITY NATIONAL BANK OF FORT SMITH, ARKANSAS; the First National Bank of Roland, Oklahoma; Citizens Bank of Lavaca, Arkansas; Citizens Bank of Booneville, Arkansas; Fort Smith Ladies, Rei, Inc.; Fort Smith Peg's Place, Inc.; Retail Real Estate Strategies, Inc.; Maurice L. Rothchild & Company, and M.L. Rothchild Management Corporation, Defendants.

No. 86–2128.

United States District Court,
W.D. Arkansas,
Fort Smith Division.

Aug. 6, 1986.

Edgar E. Bethell, Bethell, Callaway, Robertson & Beasley, Fort Smith, Ark., for plaintiffs.

Bradley Jesson, Hardin, Jesson & Dawson, Ronald Metcalf, Fort Smith, Ark., for defendants.

## OPINION

ARNOLD, District Judge.

Plaintiffs, owners of stores and buyers of merchandise, brought this action in state court against persons selling merchandise to them, asking for the cancellation of letters of credit on which they assert the sellers have made fraudulent demands.

Plaintiffs also sought, and obtained, a temporary restraining order against the banks that issued the letters of credit, enjoining them from honoring the sellers' drafts. Defendant sellers then removed the case to this court, claiming that the case was properly before the court under its diversity jurisdiction. Plaintiffs now move to remand on the ground that there was not the complete diversity of citizenship that 28 U.S.C. § 1332 requires to give the court jurisdiction over the cause.

## I.

It is conceded on all sides that the plaintiffs are citizens of the State of Arkansas, that defendant sellers are citizens of Illinois and New York, and that defendant banks are citizens of Arkansas and Oklahoma. It is the presence of the Arkansas defendants that plaintiffs claim ousts the court here of jurisdiction. Defendant sellers, however, insist that the Arkansas banks' interests are essentially the same as the plaintiffs', and that therefore if the parties are realigned into their proper configuration, that is, according to their true interests, diversity is in fact present.

It is familiar law that "diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who are defendants." *Indianapolis v. Chase National Bank*, 314 U.S. 63, 69, 62 S.Ct. 15, 16, 86 L.Ed. 47 (1941). It is, rather, the duty of the District Court "to look beyond the pleadings and arrange the parties according to their sides in the dispute." *Dawson v. Columbia Trust Co.*, 197 U.S. 178, 180, 25 S.Ct. 420, 421, 49 L.Ed. 713 (1905).

It is plain enough that plaintiffs and defendant sellers are opposed to each other in a fundamental way in this lawsuit, and the determination of this matter therefore reduces itself to an effort to discover the actual orientation of the banks' interests. The banks, as issuers of the relevant letters of credit, are obligated to pay monies to the beneficiary sellers upon the presentation by the sellers of appropriate documentation. A general rule of the law touching on letters of credit is that "the issuing bank's obligations under its letter of credit is independent of its customer's obligations under the contract of sale." *United Technologies Corp. v. Citibank N.S.*, 469 F.Supp. 473 (S.D.N.Y.1979). As the court said in *United Bank Ltd. v. Cambridge Sporting Goods Corp.*, 41 N.Y.2d 254, 392 N.Y.S.2d 265, 270, 360 N.E.2d 943, 948 (1976), "banks issuing letters of credit deal in documents and not in goods...." Thus, disputes between buyers and sellers on the underlying transaction are not, generally speaking, of relevance in a controversy between the issuer of a letter of credit and the beneficiary. Consistent with this, the Uniform Commercial Code provides that an issuer must honor a draft or demand for payment "which complies with the terms of the relevant [letter of] credit...." Ark.Stat.Ann § 85–5–114(1).

An exception, however, is provided by the Ark.Stat.Ann. § 85–5–114(2)(b), which provides that a bank need not honor a letter of credit if the letter is "fraudulent or there is fraud in the transaction." A recent case, *Roman Ceramics Corporation v. Peoples National Bank*, 714 F.2d 1207 (3d Cir.1983), specifically held that a beneficiary who tenders a draft knowing that its certification of nonpayment by the buyers is in fact false is guilty of "fraud in the transaction" within the meaning of this Code exception so as to relieve the issuer of a letter of credit from the duty of honoring a draft on it. The court there relied on the Supreme Court of Pennsylvania's interpretation of the Uniform Commercial Code in *Intraworld Industries, Inc. v. Girard Trust Bank*, 461 Pa. 343, 336 A.2d 316 (1975). *See also Shaffer v. Brooklyn Park Garden Apartments*, 311 Minn. 452, 250 N.W.2d 172 (1977).

■ The reasoning in these cases seems persuasive. Although there is no Arkansas precedent on point, the court believes that the Supreme Court of Arkansas, in an ap-

propriate case, would be similarly persuaded. To multiply the number of exceptions to the general rule that an issuer of a letter of credit must honor demands so long as the beneficiary's documentation is in order will, of course, very much undermine the utility of this kind of instrument. But fraud has long been held in equity to have a vitiating effect on documents, and it is likely that the kind of fraud alleged here was in the minds of those who provided for the fraud exception in the Uniform Commercial Code.

## II.

Plaintiffs in this case have asserted that defendant sellers have acted fraudulently in presenting drafts for payment when in fact they have already been paid, thus alleging circumstances which, if proved, would make out an excuse for the bank's failure to honor the drafts. The bank, however, despite notification from the plaintiffs of fraud, could still in "good faith" honor the draft. Ark.Stat.Ann. § 85–5–114(2)(a). The issuing banks were free, therefore, before plaintiffs' successful application to the state court for a temporary restraining order, to honor the drafts and demand payment from the plaintiffs on the basis of plaintiffs' promissory notes to the banks executed to induce the banks to issue the letters of credit. That being the case, the facts indicate a truly adversary relationship between the plaintiffs and the issuing banks in the instant case. Indeed, the defendant banks have counterclaimed against the plaintiffs to recover any monies that they may have to pay to the beneficiaries on crossclaims that the beneficiaries have filed against them.

The fact that some of the defendant banks are citizens of Arkansas for diversity purposes, as are the plaintiffs, therefore destroys the diversity of citizenship required by 28 U.S.C. § 1332. The case is thus not properly before the court and the Motion to Remand will be granted.