IT IS FURTHER ORDERED that defendant Randle's motion to sever be and is denied.

IT IS FURTHER ORDERED that defendant Randle's motion for leave to file additional and supplemental motions be and is denied without prejudice at this time.

IT IS FURTHER ORDERED that defendant Randle's motion for production and inspection of grand jury transcripts or reports be and is denied except for those materials that the Government has agreed to produce.

IT IS FURTHER ORDERED that defendant Randle's motion to suppress evidence be and is denied.

IT IS FURTHER ORDERED that defendant Randle's motion to suppress statements be and is granted.

### COMMERCIAL COMPUTER SERVICES

v.

### DATAPOINT CORP., et al.

Civ. A. No. 86–243–B.

United States District Court, M.D. Louisiana.

Sept. 2, 1986.

**1580**

Frank J. Gremillion, Baton Rouge, La., for plaintiff.

Ewell E. Eagan, Jr., L.V. Cooley, IV, Steven W. Copley, Gordon, Arta, McCollam, Stuart & Duplantis, New Orleans, La., for defendant.

POLOZOLA, District Judge.

This matter is before the court on plaintiff's motion to remand. No oral argument is required on this motion.

The plaintiff, Commercial Computer Services ("Services"), is a Louisiana corporation. It has sued Datapoint Corp. ("Datapoint"), a Delaware corporation, and Commercial Computer Systems ("Systems"), a Louisiana corporation. It is clear on the face of the complaint that jurisdiction does not exist since there is no diversity of citizenship between the parties.

This suit was originally filed in the Nineteenth Judicial District Court for the Parish of East Baton Rouge. Datapoint removed the suit to this court. Datapoint contends removal is proper because the

parties should be realigned under the doctrine set forth in *Indianapolis v. Chase National Bank*, 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47 (1941).[1]

■ In its motion to remand, plaintiff contends that the realignment of the parties is improper and this court does not have subject matter jurisdiction since there is not complete diversity. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). Plaintiff also contends that the removal petition was not timely filed.

Datapoint argues that there is no "collision of interest" between the plaintiff and Commercial Computer Systems and since both are so clearly related and owned by the same person, they should be realigned. Commercial Computer Services and Commercial Computer Systems have the same president and both are primarily owned by Commercial Computer Corp. of La. LTD ("CCC").[2] CCC is owned by John Shriver, the president of Commercial Computer Services and Commercial Computer Systems. Both have the same directors and share office space and employees. All three companies filed a consolidated income tax return.

Plaintiff argues that each of the corporations involved are distinct companies. Each has its own books and records are always kept separate. Plaintiff contends that since no reason exists to pierce the corporate veil, each corporation should be treated as separate persons with no common interest.

The only case found to be similar to that before the court is *Niles-Bement-Pond Co. v. Iron Moulders' Union*, 254 U.S. 77, 41 S.Ct. 39, 65 L.Ed. 145 (1920). In that case, petitioner owned a subsidiary that was named as a defendant. The two companies had the same president and vice-president. Three of five directors of defendant were also directors of petitioner and much of defendant's business came through the petitioner. The Court said:

---

1. The Supreme Court in *Chase,* quoted from *Merchants' Cotton-Press and Storage Co. v. Insurance Co. of North America,* 151 U.S. 368, 385, 14 S.Ct. 367, 373, 38 L.Ed. 195 (1894) which said that the court must look to the "primary and

controlling matter in dispute." 314 U.S. at 69, 62 S.Ct. at 17.

2. CCC owns 100% of Systems and 85% of Services.

[M]aking it a party defendant could not give to the District Court jurisdiction against the objection of another party, or over the court's own scrutiny of the record, unless there existed a genuine controversy between it and the plaintiff, the petitioner.... That there was not and could not be any substantial controversy, any "collision of interest," between the petitioner and the Tool Company, is of course obvious from the potential control which the ownership of stock by the former gave it over the latter company, and from the actual control effected by the membership of the boards of directors and by the selection of executive officers of the two companies, which have been described.

254 U.S. at 81, 41 S.Ct. at 41. This court is not faced with the exact same situation because the corporations involved in this matter are not the subsidiaries of the other, but rather the two are commonly owned. However, the reasoning of the Court in *Iron Moulders'* is persuasive. Therefore, the court finds that since the same person or persons control both the plaintiff and Commercial Computer Systems, there can be no collision of interest should the court realign the parties.

The fact that the *Iron Moulders'* case realigned the parties to destroy diversity is of no consequence. Realignment can also be used to create diversity. *Pacific Ry. Co. v. Ketchum,* 101 U.S. (11 Otto) 289, 25 L.Ed. 932 (1879).

The *Iron Moulders'* case pre-dates what is now considered the landmark case on the subject of realignment, *Indianapolis v. Chase National Bank,* supra. However, the Court in *Chase* cites *Iron Moulders'* with approval so its reasoning is still persuasive. Since *Chase,* courts have continued to cite and rely on the *Iron Moulders'* decision.

■ Plaintiff argues that the court is limited to the pleadings in its determination of whether parties should be realigned. While this rule is sometimes applied in removal cases, a different rule is applied in realignment cases. In determining whether to realign parties, the court must look beyond the pleadings to arrange the parties according to their interest in the suit. *City of Dawson v. Columbia Ave. Savings Fund, Safe Deposit, Title & Trust Co.,* 197 U.S. 178, 180, 25 S.Ct. 420, 421, 49 L.Ed. 713 (1905); *Fidelity and Deposit Co. of Maryland v. Sheboygan Falls,* 713 F.2d 1261 (7th Cir.1983); Wright, Miller and Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3607 (1984).

Therefore, the court finds that it should realign Commercial Computer Systems as plaintiff herein. After so doing, it is clear that diversity of citizenship exists between the parties. It follows that plaintiff's motion to remand for lack of diversity jurisdiction must be denied.

■ The plaintiff also maintains that the removal petition was filed too late. Datapoint was served on March 20, 1986, and filed its petition of removal on April 21, 1986. It is clear that a removal petition must be within thirty days. The thirtieth day in this case was April 19, 1986, a Saturday. The petition was filed on Monday, April 21, 1986. Thus, there was a timely removal petition filed herein.

Therefore:

IT IS ORDERED that plaintiff's motion to remand be and it is hereby DENIED.