70 F.3d 116
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paula ZIPP and Alan Zipp, Plaintiffs-Appellees,
v.
CLM COMPANY, INC., Defendant-Appellee,
White Log Jellico Coal Company, Inc., Defendant-Appellant.
 No. 94-5929.
 United States Court of Appeals, Sixth Circuit.
 Nov. 14, 1995.
 
 Before: KEITH, JONES, and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an action to quiet title to minerals under a tract of land in Knox County, Kentucky. The plaintiffs, Paula and Alan Zipp, claim title to one half of the minerals by virtue of a deed from an assignee of Nell Faulkner. One defendant, CLM Company, Inc. ("CLM"), claims title to the other half of the minerals by virtue of a deed from an assignee of Nell Faulkner's uncle, W.D. Faulkner. Another defendant, White Log Jellico Coal Company, Inc. ("White Log"), claims title to all of the minerals by virtue of a deed from Mr. and Mrs. Edward Detherage. White Log alleges that the Faulkners transfered the mineral rights to the Detherages in 1958.
 
 
 2
 The district court awarded half of the mineral rights to the Zipps and half to CLM, as these parties had requested. White Log makes several allegations of error on appeal. We can address none of these allegations. We are obliged to raise the issue of subject matter jurisdiction sua sponte, and dismiss because the district court was without jurisdiction to hear the dispute.
 
 
 3
 Federal courts should proceed with caution when exercising subject matter jurisdiction. Healy v. Ratta, 292 U.S. 263, 270, 54 S.Ct. 700, 703, 78 L.Ed. 1248 (1934). Federal courts have a limited and special role. Powers not given to them by Congress and Article III of the Constitution are reserved to the primary repositories of American judicial power: state courts. Gross v. Hougland, 712 F.2d 1034, 1036 (6th Cir.1983) (citing Owen Equip. and Erection Co. v. Kroger, 437 U.S. 365, 372, 98 S.Ct. 2396, 2401, 57 L.Ed.2d 274 (1978)).
 
 
 4
 The parties to this case base subject matter jurisdiction on 28 U.S.C. Secs. 1332 and 2201. Because Sec. 2201 is not itself a source of jurisdiction, Louisville and Nashville R.R. Co. v. Donovan, 713 F.2d 1243, 1245 (6th Cir.1983), there must be complete diversity of citizenship under 28 U.S.C. Sec. 1332. Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806). Looking at the names on the complaint and the citizenship of the various parties, one might imagine that complete diversity exists. The Zipps, citizens of Maryland, sue two defendants, both citizens of Kentucky. But diversity does not depend on the parties' pleading labels; and a federal court must realign the parties according to their true interests. Safeco Ins. Co. v. City of White House, Tennessee, 36 F.3d 540, 544 (6th Cir.1994) (citing Dawson v. Columbia Ave. Sav. Fund, 197 U.S. 178, 180, 25 S.Ct. 420, 420-21, 49 L.Ed. 713 (1905)).
 
 
 5
 The record indicates that claims of the Zipps and of CLM are perfectly compatible. The magistrate judge began his Memorandum Order and Opinion:
 
 
 6
 The Zipps claim that they are the owners of a one-half [of the mineral estate]. The defendant, CLM Company, Inc. (CLM), claims that it is the owner of a one-half [of the mineral estate].
 
 
 7
 CLM begins its trial brief of November 15, 1993 by stating that:
 
 
 8
 Mr. and Mrs. Zipp seek a determination by this Court that they presently own one-half ( 1/2) of the subject mineral estate, with Defendant CLM Company, Inc. (CLM), owning the other one-half ( 1/2) of the mineral estate, as against all claims of Defendant White Log Jellico Coal Company, Inc. (White Log).
 
 
 9
 The Zipps, in their Plaintiff's Rebuttal Brief, pray:
 
 
 10
 WHEREFORE, Plaintiffs request this Court to declare ... the mineral estate [to be the property] of the Plaintiffs and CLM Company, Inc.
 
 
 11
 Since there is no dispute between the Zipps and CLM, it is incorrect to consider them antagonists for diversity of citizenship purposes. Realigned according to their interests, the Zipps and CLM are plaintiffs against a common defendant: White Log. Since CLM and White Log are both citizens of Kentucky, diversity of citizenship is not complete, Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806), and we must dismiss. Safeco, 36 F.3d at 544.
 
 
 12
 For these reasons, the judgment below is VACATED, the appeal DISMISSED, and the case REMANDED for dismissal.