**SENATOR ALICIA HANSEN, JOSE RODRIGUEZ, and JAMES DOVER, Plaintiff**

**v.**

**UNITED STATES OF AMERICA, NATIONAL PARK SERVICE, GOVERNMENT OF THE VIRGIN ISLANDS and GOVERNOR CHARLES W. TURNBULL, Defendants**

Civ. No. 1999-166

District Court of the Virgin Islands

Division of St. Croix

February 29, 2000

ORDER DENYING PLAINTIFFS' MOTION TO REALIGN THE V.I. GOVERNMENT FROM DEFENDANT TO PLAINTIFF

THIS MATTER is before the Court on Plaintiffs' Motion to Realign the Virgin Islands Government from Defendant to Plaintiff. The government filed opposition to the motion and the Plaintiffs filed a reply thereto.

This matter was brought initially by plaintiffs as taxpayers, requesting a preliminary injunction to enjoin the defendant National Park Service [NPS] from demolishing a portion of historic property located in Christiansted, St. Croix and turning it into a park. The plaintiffs subsequently filed a Second Amended Com-

plaint, pursuant to, inter alia, 28 U.S.C. §§ 1346(f)[1] and 2409(a), adding the Government of the Virgin Islands and Governor Turnbull as defendants, and alleging that the property belongs to the people of the Virgin Islands. They also claimed that the NPS had a duty to comply with local laws regarding the alteration of historic property.

At the hearing on the injunction the District Court ordered the NPS to continue its work unless the plaintiffs conclusively established that ownership of the subject property rested with the Government of the Virgin Islands. The Court also found that the plaintiffs lacked standing to maintain the action unless the Government of the Virgin Islands was made a party to the lawsuit. The court ordered the plaintiffs to join the Government of the Virgin Islands as a plaintiff. The property has since been made into a park.

The government has refused to join the action as a plaintiff. Indeed, the government has sought dismissal of the action.[2] The plaintiffs having served the government as a defendant, now request that the court realign the government as a plaintiff. The government opposes the request for realignment and steadfastly maintains that the current plaintiffs are not entitled to any relief whatsoever. Additionally, it argues that aligning the government as a plaintiff while leaving the governor as a defendant would "create an untenable position" for the attorney general who is obligated to represent both.

The court must now determine whether the Government of the Virgin Islands should be realigned as a plaintiff in this matter, despite its refusal to do so voluntarily.

## DISCUSSION

The Federal Rules of Civil Procedure 19(a) allows a party, who is subject to service, to be served and joined as a defendant and then realigned by the Court in the "character which [it] should assume."

---

[1] "The district courts shall have exclusive original jurisdiction of civil actions under section 2409a to quiet title to an estate or interest in real property in which an interest is claimed by the United States."

[2] See, *Government of the V.I. Defendants' Answer to Second Amended Complaint* filed January 18, 2000. The United States of America has also filed a motion to dismiss based on plaintiffs' lack of standing.

*International Rediscount Corp. v. Hartford Accident and Indemnity Co.,* 425 F. Supp. 669, 674 (D. Del. 1977) *(quoting Independent Wireless Company v. Radio Corp. of America,* 269 U.S. 459, 468, 70 L. Ed. 357, 46 S. Ct. 166 (1926). This procedure was followed by the plaintiffs in this matter.

■ However, in deciding whether to realign the government as a plaintiff in this matter, the court is directed to "'look beyond the pleadings and arrange the parties according to their sides in the dispute.'" *Employers Insurance of Wausau v. Crown Cork & Seal Company, Inc.,* 905 F.2d 42, 44 (3d Cir. 1990) *(quoting Dawson v. Columbia Trust Co.,* 197 U.S. 178, 180, 49 L. Ed. 713, 25 S. Ct. 420 (1905)). The issue of realignment is generally addressed in the context of diversity cases, however, where the case is based on the existence of a federal question, the Court of Appeals for the Third Circuit has held that alignment turns on the presence of a "substantial controversy". *Development Finance Corp. v. Alpha Housing & Health Care,* 54 F.3d 156, 159 (3d Cir. 1995); *In re Texas Eastern Transmission Corp.,* 15 F.3d 1230, 1240 (3d Cir. 1994). Thus, as long as the parties with the same "ultimate interests" are on the same side of the controversy, they are aligned properly. Wright, Charles A., Miller, Arthur R., Cooper, Edward H., FEDERAL PRACTICE AND PROCEDURE, § 3607 (1984).

Applying this analysis this court finds that the current plaintiffs and the government do not share the same interest in this matter. At the hearing on the preliminary injunction it became apparent that the plaintiffs lacked standing to bring the suit. The District Judge's order directing them to join the government as a party plaintiff implicitly assumed that the government shared plaintiffs' position. However, the government has indicated no interest in becoming a plaintiff in this matter and has, instead, sought dismissal of the suit asserting that the current plaintiffs are not entitled to any relief. The government states that the Governor, as Chief Executive Officer, "has no intention to pursue litigation against the United States over this matter."[3]

---

[3] The government also maintains that plaintiffs have provided no evidence that the government owns the subject property other than the opinion of a former counsel to a former governor, which has no legal effect and is not binding on this Administration.

Although the plaintiffs argue that the government is somehow obligated to participate in the suit "on behalf of the people of the Virgin Islands" the reasoned opinion of the government, through its delegated representative, is that there is no dispute between it and the NPS or the United States of America. In the absence of any controversy, far less a substantial controversy with the United States defendants, this court finds that realigning the government with the present plaintiffs would not serve the purpose of the rule requiring parties with the same interest to be on the same side of a dispute.

Moreover, the plaintiffs are seeking to realign only the government as a plaintiff. The government argues that this would leave the Governor as a defendant, creating an untenable situation for the Attorney General who has a legal duty to defend them both. In defense of their position, plaintiffs cite *United States v. Interstate Commerce Commission, et. al.*, 337 U.S. 426, 93 L. Ed. 1451, 69 S. Ct. 1410 (1949) for the proposition that the attorney general may represent the government as both plaintiff and defendant. However, that case involved a true dispute, while the instant case does not. In *Interstate Commerce Commission* the United States, in its capacity as a shipper, sued the Department of Commerce challenging the Department's decision ordering the United States to pay charges to certain railroad companies for services which the railroads refused to perform. The United States was also made a defendant because of the statutory requirement that, in a suit against the Commerce Department, the United States must be joined as a statutory defendant. The court had no difficulty finding that the United States' challenge of the Commerce Department's actions constituted a "justiciable controversy":

> "While this case is United States v. United States et. al., it involves controversies of a type which are traditionally justiciable. The basis question is whether railroads have illegally exacted sums of money from the United States. Unless barred by statute, the Government is not less entitled than any other shipper to invoke administrative and judicial protection. . . . The order [issued by the Commission] if valid would defeat the Government's claim to that money. But the government charged that the

order was issued arbitrarily and without substantial evidence. This charge alone would be enough to present a justiciable controversy."

*Id. at* 430.

■ In this case, however, there is no dispute between the Government of the Virgin Islands and the Governor concerning this matter. The Attorney General has determined that this is not an appropriate case for the government to pursue. Moreover, the plaintiffs can cite to no statute requiring the government and the Governor of the Virgin Islands to be placed on opposite sides in an action brought pursuant to 28 U.S.C. § 1346(f). Thus, in the absence of a real controversy or a statutory mandate, granting the plaintiffs' motion is not appropriate.

Accordingly, it is hereby

ORDERED that the motion to realign the Government of the Virgin Islands as plaintiff is DENIED.