**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 17a0375n.06

No. 16-3657

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|                                             |     |                                    |
|---------------------------------------------|-----|------------------------------------|
| DAVID C. MCCARTY;                           | )   | **FILED**                          |
| CYNTHIA K. MCCARTY,                         | )   | Jun 27, 2017                       |
|                                             | )   | DEBORAH S. HUNT, Clerk             |
| **Plaintiffs-Appellants**,                  | )   |                                    |
|                                             | )   |                                    |
| MIGUEL A. PEDRAZA,                          | )   |                                    |
|                                             | )   |                                    |
| **Plaintiff-Appellee**,                     | )   | **ON APPEAL** FROM THE             |
|                                             | )   | UNITED STATES DISTRICT             |
| v.                                          | )   | COURT FOR THE SOUTHERN             |
|                                             | )   | DISTRICT OF OHIO                   |
| NATIONAL UNION FIRE INSURANCE               | )   |                                    |
| COMPANY OF PITTSBURGH, PA;                  | )   |                                    |
| ADMINISTRATORS FOR THE PROFESSIONS          | )   |                                    |
| OF DELAWARE, INC.,                          | )   | **OPINION**                        |
|                                             | )   |                                    |
| **Defendants-Appellees**,                   | )   |                                    |
|                                             | )   |                                    |
| and                                         | )   |                                    |
|                                             | )   |                                    |
| AMERICAN INTERNATIONAL GROUP, INC.,         | )   |                                    |
|                                             | )   |                                    |
| **Defendant**.                              | )   |                                    |
|                                             | )   |                                    |

**BEFORE: NORRIS, MOORE, and STRANCH, Circuit Judges.**

**ALAN E. NORRIS, Circuit Judge.** Plaintiffs David and Cynthia McCarty successfully sued their former attorney, Miguel Pedraza, for malpractice. In an attempt to collect on Pedraza's malpractice insurance policy, the plaintiffs brought a claim against the insurance carrier, National Union Fire Insurance Company of Pittsburgh, PA, and the administrator for the policy, Administrators for the Professions of Delaware, Inc. The district court granted judgment on the pleadings in favor of National and Administrators and, for the reasons that follow, we affirm.

**I.**

In 2007, David and Cynthia McCarty were sued for breach of contract in the Common Pleas Court for Clark County, Ohio, and they hired attorney Miguel Pedraza to defend them. Pedraza neglected to file an answer to the complaint, and their counter-claim, resulting in a 2010 default judgment for more than $150,000 being entered against the McCartys. In January 2011, the McCartys filed a malpractice action against Pedraza, eventually obtaining a judgment against him in January 2015 in the amount of $275,825.29.

From February 21, 2010, through February 21, 2011, Pedraza maintained a malpractice insurance policy through National and Administrators designed to cover claims made and reported during the policy year, though it allowed for reporting up to sixty days following the end of the period. On December 8, 2011, the McCartys formally notified Administrators in writing about the potential claim. In June 2015, after obtaining judgment against Pedraza, the McCartys initiated an action in state court against National, Administrators, and Pedraza in an effort to collect on Pedraza's malpractice policy.[1] National defended, in part, by asserting that the claim did not fall within the scope of the policy's coverage because the claim was not timely reported as required in the policy. The McCartys do not dispute that their written notice was given beyond the prescribed reporting period, but they nevertheless maintain National and Administrators had actual and constructive notice of the claim, because the state-court action against Pedraza was filed during the policy period, and the court docket was available to the public. The McCartys also claim on appeal that National and Administrators must provide coverage because they were not prejudiced by the late reporting.

---

[1] American International Group, Inc. was named as a defendant below solely because it is the parent company to National Union Fire Insurance Company of Pittsburgh, PA. The district court granted AIG's motion to dismiss and the plaintiffs do not appeal that dismissal.

In July 2015, National and Administrators filed a notice to remove the case to federal court pursuant to 28 U.S.C. § 1441 (removal) and § 1332 (diversity jurisdiction). The McCartys objected and filed a motion to remand the case to state court, arguing that the parties were not diverse because the McCartys, and on the other side Pedraza, each are citizens of Ohio. National and Administrators filed a motion to realign defendant Pedraza as a plaintiff. The district court denied the McCartys' motion to remand and granted the motion to realign Pedraza as a plaintiff, which preserved diversity and therefore the district court retained jurisdiction.

Eventually, the district court granted judgment on the pleadings in favor of National and Administrators, reasoning that the publicly available docket does not satisfy the policy's reporting requirements, and the written notice was sent too late. On appeal, the McCartys challenge the district court's denial of their motion to remand and its subject matter jurisdiction, and its grant of judgment on the pleadings.

## II.

This court reviews de novo a district court's decision regarding the existence of subject matter jurisdiction. *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016). This includes when the district court has retained jurisdiction by denying a plaintiff's motion to remand. *Berera v. Mesa Med. Grp., PLLC*, 779 F.3d 352, 357 (6th Cir. 2015).

This court also reviews de novo a district court's grant of judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *Wilmington Trust Co. v. AEP Generating Co.*, 854 F.3d 332, 336 (6th Cir. 2017) (citing *Florida Power Corp. v. FirstEnergy Corp.*, 810 F.3d 996, 999–1000 (6th Cir. 2015)). "We take as true all well-pleaded material allegations in the opposing party's pleadings, and affirm the district court's grant of the motion only if the moving party is entitled to judgment as a matter of law." *Id.* "However, 'a legal conclusion couched as a

3

factual allegation' need not be accepted as true." *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

*A. Subject Matter Jurisdiction*

The McCartys assert that the district court erred when it denied their motion to remand the case to state court and granted the motion by National and Administrators to realign Pedraza as a plaintiff. The McCartys maintain that Pedraza is properly a defendant in this case. If they are correct, there would be Ohio citizens on both sides of the litigation, and without diversity the district court would not have subject matter jurisdiction over this state-law claim. *See* 28 U.S.C. § 1332(a).

"Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who are defendants . . . ." *City of Indianapolis v. Chase Nat. Bank of City of N.Y.*, 314 U.S. 63, 69 (1941). "In considering whether there is complete diversity, a federal court must look beyond the nominal designation of the parties in the pleadings and should realign the parties according to their real interests in the dispute." *Safeco Ins. Co. of Am. v. City of White House, Tenn.*, 36 F.3d 540, 545 (6th Cir. 1994) (citing *Dawson v. Columbia Ave. Sav. Fund*, 197 U.S. 178, 180 (1905)). "Parties must 'be aligned in accordance with the primary dispute in the controversy, even where a different, legitimate dispute between the parties supports the original alignment.'" *Cleveland Hous. Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 559 (6th Cir. 2010) (quoting *United States Fidelity and Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th Cir. 1992)).

A legitimate dispute between the McCartys and Pedraza certainly did exist, but that dispute ended when a final judgment was entered in favor of the McCartys in the amount of $275,825.29. The primary dispute in *this* case is whether National and Administrators are

4

required under the malpractice policy to cover the claim for damages awarded to the McCartys in their malpractice suit against Pedraza. The McCartys argue that Pedraza is a proper defendant because he had a duty to maintain malpractice coverage. This argument fails. First, common sense dictates that in this dispute Pedraza's interests are aligned with, or at least not opposing, the McCartys' interests. If the McCartys are successful in their action against National and Administrators, Pedraza's personal liability would be reduced. Second, nothing in the complaint mentioned this duty to maintain coverage (perhaps because Pedraza did have coverage at the relevant time) and in fact nowhere in the complaint do the McCartys seek any damages from Pedraza. Finally, the statute that authorizes a judgment creditor to file a supplemental claim against an insurance company to satisfy a judgment, Ohio Rev. Code Ann. § 3929.06, provides for a subrogation action whereby the McCartys stand in the shoes of Pedraza, against National and Administrators. *See, e.g.*, *Elkins v. Am. Int'l Special Lines Ins. Co.*, 611 F. Supp. 2d 752, 758 (S.D. Ohio 2009) (noting that the statute "creates a subrogation action, wherein the injured party stands in the shoes of the insured against his or her insurer"). It would be an odd construction if the statute authorized the McCartys to stand in the shoes of Pedraza to sue Pedraza.

The McCartys also claim for the first time on appeal that the removal procedure was defective because Pedraza may not have received proper notice of the removal. Setting aside that this is pure speculation, such procedural objections must have been raised within thirty days of removal. 28 U.S.C. § 1447(c). The time to object the removal procedures has passed.

The district court did not err when it realigned the parties and denied the motion to remand the case to state court.

*B. Judgment on the Pleadings*

The district court granted judgment on the pleadings in favor of National and Administrators because the claim was not reported in accordance with policy requirements. Reviewing the district court judgment requires us to interpret the insurance policy. The policy is governed by Ohio law, where "an insurance policy is a contract, and the parties' rights under the policy are purely contractual in nature." *Park-Ohio Indus., Inc. v. Home Indem. Co.*, 975 F.2d 1215, 1218 (6th Cir. 1992) (citing *Nationwide Mut. Ins. Co. v. Marsh*, 472 N.E.2d 1061, 1062 (Ohio 1984)). "[C]ourts shall give insurance contract terms their plain and ordinary meaning unless another meaning is clearly apparent from the contents of the policy." *Retail Ventures, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 691 F.3d 821, 826 (6th Cir. 2012) (citing *Alexander v. Buckeye Pipe Line Co.*, 374 N.E.2d 146, 148 (Ohio 1978)). Where terms are unambiguous, courts are not free to expand the contractual rights or obligations beyond "that originally contemplated by the parties." *Goodyear Tire & Rubber Co. v. Aetna Cas. & Sur. Co.*, 769 N.E.2d 835, 841 (Ohio 2002) (quotation omitted).

The terms of Pedraza's malpractice insurance policy are unambiguous. It provides coverage only for claims made against Pedraza during the policy period of February 21, 2010, and February 21, 2011, and promptly reported in writing to the insurer, but in any case no later than sixty days after the end of the policy period. In this case that final reporting date is April 22, 2011.

The McCartys state in their Complaint that National and Administrators had "actual and constructive notice" of their malpractice suit against Pedraza because the docket was public and National and Administrators had access to the docket. As the district court noted, there is no provision of the insurance policy that obliges National or Administrators to monitor public

6

dockets, or any suggestion that a public docket somehow supplants the reporting requirement in the policy. Neither the district court nor this court has the authority to rewrite the policy to insert such a provision.

Alternatively, the McCartys state that they personally sent notice of the malpractice claim to National on December 8, 2011. In its answer, National states that they received notice of the claim on August 24, 2011. Both of those dates confirm that the written report of the claim was well past the cutoff date of April 22, 2011. Nevertheless, the McCartys argue that their claim must be covered because National and Administrators were not prejudiced by the late report. But that argument fails.

The argument appears to conflate a claims-made policy, like Pedraza's, with an occurrence-based policy. A claims-made policy covers losses that arise during the policy period, regardless of when the events underlying the claim might have occurred. *See Toledo-Lucas Cty. Port Auth. v. Axa Marine & Aviation Ins. (UK), Ltd.*, 368 F.3d 524, 527 (6th Cir. 2004) (citation omitted). On the other hand, an occurrence-based policy covers losses resulting from events that occur during the coverage period, even though it might be long after the policy period before the events are discovered and the claim is filed. *Id.*

Both types of policies usually include reporting requirements, but unlike an occurrence policy the coverage itself is triggered under a claims-made policy only when the claim is made to the insured and reported to the insurer. Under an occurrence policy, coverage is triggered automatically when the loss event happens and instead *payment* may be conditioned in the policy on timely notice of the claim. In that case, if an insurance company wants to deny payment under an occurrence policy due to late notice, it usually must show that it was prejudiced in some way by the delayed reporting. *See, e.g.*, *Clark v. Chubb Grp. of Ins. Cos.*, 337 F.3d 687, 692 (6th Cir.

2003); *Ferrando v. Auto-Owners Mut. Ins. Co.*, 781 N.E.2d 927, 945 (Ohio 2002). The McCartys' reliance on these cases to require an insurer to show prejudice in a claims-made policy is misplaced.

Because coverage in a claims-made policy is generally restricted to only claims made and reported during the policy period, an insurer need not demonstrate prejudice to deny a claim that is made outside of the policy period. *See United States v. A.C. Strip*, 868 F.2d 181, 187 (6th Cir. 1989) ("Claims made policies, unlike occurrence policies, are designed to limit liability to a fixed period of time. To allow coverage beyond that period would be to grant the insured more coverage than he bargained for and paid for, and to require the insurer to provide coverage for risks not assumed.").

Our decision in the *A.C. Strip* case is on all fours with the case at hand. It is unfortunate that the McCartys' former attorney failed them twice—first through his malpractice while representing them and then by failing to properly report their malpractice claim to his insurance provider. Nevertheless, Ohio law and the insurance policy at issue here are clear. The malpractice claim was reported too late for it to be covered under Pedraza's insurance policy.

**III.**

The judgment of the district court is **affirmed**.