**Jackie Daniel KEEN, Plaintiff,**

**Ruth V. Keen, Intervenor,**

**Karina Keen, Intervenor,**

v.

**BURLINGTON NORTHERN SANTA FE CORP., Union Pacific Corporation and Donna Morrow, Defendants.**

**Civil No. B–05–224.**

United States District Court, S.D. Texas, Brownsville Division.

Jan. 23, 2006.

William J. Tinning, Attorney at Law, Portland, TX, for Plaintiff/Intervenors.

Louis S. Sorola, Sorola & Garcia PLLC, Horacio L. Barrera, Attorney at Law, Brownsville, TX, for Intervenors.

Norton A. Colvin, Jr., Marjory Colvin Batsell, Rodriguez Colvin et al., Brownsville, TX, for Defendants.

## ORDER

HANEN, District Judge.

Pending before the Court is Plaintiff's Motion to Remand [Docket No. 10] filed by Jackie Daniel Keen, Intervenor's Motion for Remand [Docket No. 11] filed by Katrina Keen, and Intervenor's Motion for Remand [Docket No. 12] filed by Ruth Keen.

This case arises out of an accident in which a vehicle driven by Ruth Keen collided with a train at the FM 1561 railroad crossing in Cameron County. Jackie Daniel Keen was a passenger in the vehicle driven by his wife, Ruth. The couple's daughter, Karina Keen, was at home at the time, but upon learning of the accident Karina went immediately to the scene.

On June 17, 2005, Jackie Daniel Keen filed suit against Burlington Northern Santa Fe, Union Pacific, and Donna Morrow. Ruth Keen intervened on June 21, 2005, as a Plaintiff/Intervenor, and now asserts claims against Burlington Northern Santa Fe, Union Pacific and Donna Morrow. Karina Keen intervened on June 23, 2005, asserting claims against Burlington Northern Santa Fe, Union Pacific, Donna Morrow and Ruth Keen. On the very same day, Jackie Daniel Keen amended his original petition to add Ruth Keen as a Defendant.[1] The case was removed to federal court on August 5, 2005, based on diversity of citizenship. Motions to remand were filed by Jackie Daniel Keen, Ruth Keen and Karina Keen.

The Keens are all citizens of Texas. For diversity purposes Union Pacific is a citizen of Utah and Nebraska. The parties have stipulated that Burlington Northern Santa Fe's citizenship should not be considered for purposes of diversity because they did not own the railroad tracks at issue in the case. [Docket No. 20] The parties have further stipulated that Donna Morrow is a citizen of Wyoming. *Id.*

■ In their motions to remand, the Keens argue, *inter alia,*[2] that there is not complete diversity because Ruth Keen is a

1. In their supplemental brief Plaintiff and Intervenors explain that "there was an attempted settlement between Jackie and Ruth Keen," and included a copy of the release, but states that it "did not include any claims of Karina Keen and did not resolve all claims between the Keens." [Docket No. 21, ¶ 19] Ruth Keen has not moved for a dismissal of the claim filed against her by Jackie Daniel Keen and neither side has explained what is meant by the adjective "attempted" used to describe the purported settlement. Therefore, the Court will proceed without deciding whether there is still a valid claim between Jackie Daniel Keen and Ruth Keen as this is of little consequence in the instant opinion.

2. The citizenship of Burlington Northern Santa Fe and Donna Morrow was in dispute at the time the Keens filed their motions to remand, but has since been resolved by the parties. In response to the Court's inquiry regarding the Texas Guest Statute, the parties have each acknowledged that the Statute does not apply as a previous version of the Statute was declared unconstitutional by the Supreme Court of Texas. The Statute has since been amended by the Texas Legislature. The Legislature made no substantive changes from the prior statute, but to date the Supreme Court of Texas has not held the current version to be unconstitutional. This Court need not decide that issue, at least not at this juncture. There was also some question as to whether Jackie Daniel Keen actually pled a cause of action against Ruth Keen. The Supplemental Brief in Further Support of Plaintiff's and Intervenors' Motion to Remand makes clear that both Jackie Daniel Keen and Karina Keen filed pleadings that hint they are asserting claims against Ruth Keen. [Docket No. 21, ¶ 13] The question of whether they have actually stated a cause of action need not be decided at this time.

defendant as to Jackie Daniel Keen and Karina Keen. In response, Defendants Union Pacific and Donna Morrow argue that Ruth Keen is actually a plaintiff, as demonstrated by her Original Petition in Intervention [Docket No. 23, Ex. A], and that the claims against her by Jackie Daniel Keen and Karina Keen constitute cross-claims.

▆▆▆▆▆ "The required diversity under section 1332(a)(1) must be complete: where one or more plaintiffs sue one or more defendants, *each* plaintiff must be of a different citizenship than *each* defendant." *Lowe v. Ingalls Shipbuilding, a Div. Of Litton Sys., Inc.*, 723 F.2d 1173, 1177 (5th Cir.1984) (emphasis original). Proper alignment of the parties is determined based on "whether parties with the same 'ultimate interests' in the outcome of the action are on the same side." *Id.* at 1178. "It is well settled that federal courts are not bound by the alignment of the pleader as to parties plaintiff or defendant; but that they will work out the relation of each party to the suit according to the nature of his real interest." *Peters v. Standard Oil Co. of Texas*, 174 F.2d 162, 163 (5th Cir. 1949) (affirming the district court's realignment of the parties making the Texas defendant a plaintiff, thereby preserving the court's diversity jurisdiction and preventing the plaintiff from remanding the case back to state court). Thus, the Court has a "duty to 'look beyond the pleadings, and arrange the parties according to their sides in the dispute.'" Charles A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE JURISDIC-

TION 2d § 3607 (quoting *City of Dawson v. Columbia Ave. Sav. Fund, Safe Deposit, Title & Trust Co.*, 197 U.S. 178, 180, 25 S.Ct. 420, 49 L.Ed. 713 (1905)).

In this case aligning the Keens as plaintiffs and Burlington Northern Santa Fe, Union Pacific, and Donna Morrow as defendants represents the actual legal interests of the parties. In fact, a review of the pleadings indicates this was the original alignment of the parties. The Keens argue that Ruth Keen is a defendant based on Jackie Daniel Keen's First Amended Original Petition and Karina Keen's Original Plea in Intervention.

While Jackie Daniel Keen and Karina Keen may have cross-claims against Ruth Keen, their interests in a recovery are actually aimed at Burlington Northern Santa Fe, Union Pacific, and Donna Morrow, as evinced by the wording of the sole allegation made in Jackie Daniel and Karina's pleadings against Ruth Keen

Also, Defendant Ruth Keen, it is anticipated will be alleged to have been negligent and a cause of this accident. Plaintiff admits, if so, she was only a 1% cause of the collision, but that the railroad Defendants were 100% responsible by their conduct for the accident [and] the cause of all Plaintiff's monetary damages.[3]

The mere presence of claims against Ruth Keen does not make her a defendant for diversity purposes, especially when she has intervened as a plaintiff, filing claims against Defendants Burlington Northern Santa Fe, Union Pacific and Donna Mor-

---

**3.** Pls. First Amended Orig. Pet., p. 5; Intervenor Karina Keen's Orig. Plea in Intervention, ¶ 15. [Docket No. 1] In his motion to remand, Jackie Daniel Keen explains that "[i]t is more that [sic] disingenuous for the defendants themselves to claim that defendant Ruth Keen is negligent and then claim that Plaintiff's allegations are 'a sham' when the [sic] alleged that her negligence, while minor,

does make her a defendant and for which Plaintiff Jackie Keen seeks a recovery." Pls. Mot. to Remand, ¶ 11. [Docket No. 11] However, the Keens' argument fails to recognized the well established principal of contributory negligence, whereby a plaintiff can share in the negligence without transforming into a defendant.

row. In their pleadings against Ruth Keen neither Jackie nor Karina have actually pled a cause of action or specified any wrongdoing on her part. Thus, Ruth Keen should be aligned as a plaintiff, not as a defendant.

██ The cross-claims against Ruth Keen will not destroy diversity jurisdiction as the federal courts can exercise ancillary jurisdiction over a properly asserted cross-claim. *Zurn Indus., Inc. v. Acton Constr. Co.,* 847 F.2d 234, 237 (5th Cir.1988); *Travelers Ins. Co. v. First Nat'l Bank of Shreveport,* 675 F.2d 633, 638 (5th Cir. 1982); *Amco Constr. Co. v. Miss. State Bldg. Comm'n,* 602 F.2d 730, 732 (5th Cir. 1979). "Once subject matter jurisdiction is proper, the court may have ancillary jurisdiction over additional claims or parties that it may not have had otherwise," including a cross-claim, "even in the absence of an independent basis for federal jurisdiction." *Zurn,* 847 F.2d at 236–37. The claims between the Keens are properly before this Court because they are all related to the accident at issue and therefore satisfy Rule 13(g)'s requirement of "arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein." FED. R.CIV.P. 13(g). A cross-claim between non-diverse co-parties which is within a court's ancillary jurisdiction does not destroy diversity so long as each plaintiff is diverse as to each defendant. *Scott v. Fancher,* 369 F.2d 842, 843–44 (5th Cir. 1966) (holding that ancillary jurisdiction over a cross-claim between the two Oklahoma defendants was proper where the plaintiff was a citizen of Texas). Thus, the cross-claims between the Keens can be heard pursuant to the Court's ancillary jurisdiction.

This Court holds that for purposes of determining diversity Jackie Daniel Keen, Ruth Keen and Karina Keen shall be aligned as Plaintiffs, while the remaining parties shall be aligned as Defendants. As such, the Keens' motions to remand [Docket Nos. 10, 11 & 12] are hereby **DENIED.** The cross-claims of Jackie Daniel Keen and Karina Keen against Ruth Keen, if such claims are indeed viable, will be heard pursuant to the Court's ancillary jurisdiction.